19315. OVERSTREET *v.* RHODES *et al.*

Argued June 13, 1956—Decided July 9, 1956—
Rehearing denied July 24, 1956.

*Wm. G. Grant, Robert W. Spears,* for plaintiff in error.

*T. Charles Allen, Fisher, Phillips & Allen,* contra.

CANDLER, Justice. (After stating the foregoing facts.) As shown by our statement of the case, the defendant admitted a prima facie case in the plaintiff's favor, and affirmatively pleaded constructive eviction from the rented building resulting from the landlord's failure to keep it in a proper state of repair as it was his duty to do under the rent contract. A rented building becomes untenantable and the tenant is constructively evicted therefrom and thereafter relieved of his obligation to pay rent, when the landlord whose duty it is to keep it in a proper state of repair allows it to deteriorate to such an extent that it is an unfit place for the tenant to carry on the business for which it was rented, and when it cannot be restored to a fit condition by ordinary repairs which can be made without unreasonable interruption of the tenant's business. *Wolff* v. *Turner,* 6 *Ga. App.* 366 (65 S. E. 41); *Weinstein* v. *Schacter Brothers,* 32 *Ga. App.* 742 (124 S. E. 803); *Millen Hotel Co.* v. *Gray,* 67 *Ga. App.* 38 (19 S. E. 2d 428). See also *Lewis & Co.* v. *Chisolm,* 68 *Ga.* 40. To establish its affirmative defense of constructive eviction from the rented premises, it was therefore necessary for the defendant in this case to prove (1) that the landlord in consequence of his failure to keep the rented building repaired allowed it to deteriorate to such an extent that it had become an unfit place for the defendant to carry on the business for which it was rented, and (2) that it could not be restored to a fit condition by ordinary repairs which could be made without unreasonable interruption of the tenant's business. Whether or not the defendant had carried the burden and proved these essentials of his affirmative plea, was a question raised in the trial court both by the general grounds of the plaintiff's motion for new trial and by his motion for judgment notwithstanding the verdict, and the Court of Appeals erred in holding that the evidence question as to whether or not the rented premises could be restored to a tenantable condition without unreasonable interruption to the tenant's business was one which it could not consider, since it had been raised for the first time in the brief of the plaintiff in error.

*Judgment reversed. All the Justices concur.*