19619.   OVERSTREET *v*. RHODES *et al.*

ARGUED MARCH 11, 1957—DECIDED APRIL 9, 1957—
REHEARING DENIED APRIL 24, 1957.

*Robert W. Spears, William G. Grant,* for plaintiff in error.

*T. Charles Allen, Fisher, Phillips & Allen,* contra.

HEAD, Justice. The application for certiorari which was granted by this court contains three assignments of error. In ground 1 it is insisted that the decision of the Court of Appeals (*Overstreet* v. *Rhodes,* 94 *Ga. App.* 750) is contrary to law and contrary to the decision of this court, because the Court of Appeals held that the trial court "did not err in denying the motion for new trial and the motion for a judgment notwithstanding the verdict," for the sole reason that the court was "of the opinion

that the jury was authorized to find that the repairing of the premises would have unreasonably and materially interfered with the operation of the bakery and the general occupancy and use of the rented premises." It is then said that the Court of Appeals did not find, and that there is no evidence in the record to show, the essential fact that the landlord had allowed the premises to deteriorate to such an extent that it had become "an unfit place for the defendant to carry on the business for which it was rented."

Ground 2 of the application asserts that the decision of the Court of Appeals is contrary to law because it ignores and fails to give effect to the rule in Code § 38-103, that the burden of proof "lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential."

In ground 3 error is assigned on the following ruling by the Court of Appeals: "Considering the nature of the business of the tenant and the defects in the premises which the jury would have been authorized to find existed, we are of the opinion that the repairing of the premises would have unreasonably and materially interfered with the operation of the bakery and the general occupancy and use of the rented premises." It is contended that there is no evidence in the record which would warrant the above holding, and that it is contrary to law because it attributed to the jury authority to resort to guesswork and conjecture in deciding cases, and to make findings of fact which are not based on evidence.

These assignments of error—stated in a concise form—are that there was no evidence to sustain a constructive eviction because the premises have become untenantable for want of repairs, as defined by this court in *Overstreet* v. *Rhodes*, 212 *Ga.* 521, 523 (93 S. E. 2d 715), wherein Mr. Justice Candler, speaking for the court, stated: "A rented building becomes untenantable and the tenant is constructively evicted therefrom and thereafter relieved of his obligation to pay rent, when the landlord whose duty it is to keep it in a proper state of repair allows it to deteriorate to such an extent that it is an unfit place for the tenant to carry on the business for which it was rented, and when it can not be

restored to said condition by ordinary repairs which can be made without unreasonable interruption of the tenant's business."

In its decision in the present case, subsequent to the ruling by this court, the Court of Appeals set out a part of the 75 pages of expert and nonexpert testimony as to the condition of the building and the nature of the repairs required in order to restore the building to a safe or tenantable condition. "In arriving at a verdict, the jury, from facts proved, and sometimes from the absence of counter evidence, may infer the existence of other facts reasonably and logically consequent on those proved." Code § 38-123. In addition to the testimony set out in the opinion of the Court of Appeals, there were other facts and circumstances appearing from the testimony, from which the jury would have been authorized to find that the repairs, if made, would unreasonably interrupt the business of the defendant.

"Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code § 110-104. Under the foregoing rule, the plaintiff was not entitled to have a verdict directed in his favor, and the judgment of the Court of Appeals is not erroneous as contended.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent. Hawkins, J., concurs in the judgment, but not in all that is said in the opinion.*

DUCKWORTH, Chief Justice, dissenting. I dissent because the record shows that there is not a scintilla of evidence to show the manner or method necessary to make the required repairs of the premises, and with the absence of this indispensable information, it is legally impossible to say whether or not the landlord would be able to make the repairs without interrupting the business conducted therein. I am authorized to state that Mr. Justice Candler concurs in this dissent.