## 52490. PIANO & ORGAN CENTER, INC. v. SOUTHLAND BONDED WAREHOUSE, INC.

WEBB, Judge.

The Piano & Organ Center rented a warehouse from Southland for a term from March 5, 1973 through March 1, 1976, for the purpose of repairing and storing its electronic and musical merchandise. Under paragraph 9

of the lease agreement Southland was obligated to keep the exterior walls of the premises in good repair and the tenant was required to "promptly report in writing any defective condition known to it . . .; failure to so report shall make Tenant responsible to Landlord for any liability incurred by Landlord by reason of such defects."

An exterior wall leaked causing flooding of the warehouse with every rainfall. The president and other employees of The Piano & Organ Center orally notified Southland of this condition almost every time it occurred and were assured each time that it would be "fixed." Southland sent a contractor to inspect the condition of the wall but he made no attempt to repair it, stating from time to time that the repairs could not be done except in dry weather. After suffering extensive damage to its merchandise The Piano & Organ Center vacated the warehouse on August 31, 1974.

In May, 1975 Southland filed suit claiming unpaid rentals, utilities and attorney fees. The Piano & Organ Center answered asserting that the condition of disrepair of the exterior wall and Southland's failure to repair rendered the premises totally untenantable and discharged it of any further obligation to pay rent. The trial court granted Southland's motion for partial summary judgment for all amounts claimed, and this appeal is taken from that order on the ground that the record presents genuine issues as to material and substantial facts.

1. "A provision in a lease requiring written notice by tenants to a lessor of defects which the lessor was bound to repair is waived by the lessor when oral notice of the defects is given and the lessor acts on such notice either in whole or in part without insisting on written notice, and especially is this true if the defects are actually shown to the lessor or authorized agent." *Overstreet v. Rhodes,* 93 Ga. App. 422 (2) (91 SE2d 863), revd. on other grounds, 212 Ga. 521 (93 SE2d 715), affd. on other grounds, 94 Ga. App. 750 (96 SE2d 305), affd. 213 Ga. 181 (97 SE2d 561); see also *Big Apple Super Markets of Peachtree, Inc. v. W. J. Milner & Co.,* 111 Ga. App. 282, 283 (2) (141 SE2d 567).

2. "A rented building becomes untenantable and the tenant is constructively evicted therefrom and thereafter

relieved of his obligation to pay rent, when the landlord whose duty it is to keep it in a proper state of repair allows it to deteriorate to such an extent that it is an unfit place for the tenant to carry on the business for which it was rented, and when it cannot be restored to a fit condition by ordinary repairs which can be made without unreasonable interruption of the tenant's business. [Cits.]" *Overstreet v. Rhodes,* 212 Ga. 521, 523, supra. Constructive eviction is a specialized defense in rent cases grounded on general principles of contract law respecting failure of consideration, and may involve either total or partial failure of consideration. *Wellbaum v. Murphy,* 122 Ga. App. 654, 655 (3) (178 SE2d 690); Code § 20-310.

3. Summary judgment is improper where there is a genuine issue as to any material fact. Code Ann. § 81A-156 (c). " 'On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. [Cits.]' " *Lansky v. Goldstein,* 136 Ga. App. 607 (222 SE2d 62).

The uncontradicted testimony of Piano & Organ Center's president Lee in his answers to interrogatories regarding the flooding conditions and Southland's failure to repair the wall was sufficient to create a genuine issue as to a material fact to be resolved by the trier of fact, to wit, whether or not these conditions created a partial or total discharge of any liability to pay rent for the balance of the lease term. Accordingly, the grant of summary judgment was in error.

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

ARGUED JULY 15, 1976 — DECIDED SEPTEMBER 7, 1976. — REHEARING DENIED SEPTEMBER 28, 1976.

*Dodd, Driver, McClatchey & Connell, Devereaux F.*

*McClatchey, IV,* for appellant.
*Webb, Parker, Young & Ferguson, Thomas L. Murphy,* for appellee.