52923. ALSTON et al. v. GEORGIA CREDIT COUNSEL, INC.

BELL, Chief Judge.

Plaintiffs sued under three written leases of realty seeking to recover for rent due, pro rata shares of increased taxes, and attorney fees. Defendant admitted execution of the leases but denied any liability and affirmatively asserted the defense of constructive eviction.

The case was tried by the court and it found that defendant had been constructively evicted and a judgment was entered accordingly.

The admissions of defendant in the answer and the evidence revealed that defendant leased one suite of offices from plaintiffs in February 1971 for a three-year term. On expiration of this lease in February 1974, this lease was renewed. A second lease was executed for an

additional suite of offices in April 1972. On or about June 21, 1974, the air conditioning was inoperable for three days. At this time defendant's president gave notice and vacated the premises on August 31, 1974. The parties stipulated that defendant had not paid the amounts of monthly rent. The leases also provided that if rent is collected through an attorney, defendant agreed to pay 10% attorney fees. In addition to the breakdown of the air conditioning in June 1974, there was other testimony that the air conditioning and heating did not meet personal comfort standards. Additionally there was some evidence that the plaintiffs' janitorial service was unsatisfactory but defendant's president testified that he "could live with that," and "I could clean up a little bit on my own." No evidence was submitted with regard to the claim for the pro rata share of increased taxes or operating expenses which defendant had agreed to pay. At the close of defendant's evidence, plaintiffs' motion for judgment was denied. *Held:*

1. The defense of constructive eviction has two essential elements. They are: (1) That the landlord in consequence of his failure to keep the premises repaired allowed it to deteriorate to an extent that it had become an unfit place for the defendant to carry on the business for which it was rented; and (2) that the premises could not be restored to a fit condition by ordinary repairs which could be made without unreasonable interruption of the tenant's business. *Overstreet v. Rhodes,* 212 Ga. 521 (93 SE2d 715). The evidence in this case does not authorize a finding of fact that the plaintiffs allowed the premises to become unfit or untenantable, the first essential element of the defense. At the most the evidence only showed the premises as being uncomfortable but not untenantable. As was stated in *Fleming & Bowles v. King,* 100 Ga. 449, 453 (28 SE 239), there must be some grave act of a permanent character done by the landlord with the intention of depriving the tenant of the enjoyment of the demised premises before a constructive eviction will result. This was not shown here.

2. The evidence demands a finding for plaintiffs that the monthly rental claimed was due plus 10% of that amount for attorney fees. However, plaintiffs failed to

prove that part of its claim for increased taxes and operating expenses. Accordingly, if plaintiffs voluntarily withdraw their claims for these unproven amounts within 10 days of the date of this judgment, we direct the entry of judgment for plaintiffs for the monthly rental due and the attorney fees. Otherwise the judgment is unconditionally reversed.

*Judgment reversed with direction on condition. Clark and Stolz, JJ., concur.*

ARGUED OCTOBER 7, 1976 — DECIDED DECEMBER 3, 1976 — REHEARING DENIED DECEMBER 15, 1976.

*Schwall & Heuett, Donald J. Goodman,* for appellants.

*Raborn L. Davis,* for appellee.