## 63671. BENNETT et al v. BENNETT et al.

BANKE, Judge.

The appellant brought this wrongful death action against his stepmother, Kyla Claar Bennett, and two other defendants, alleging that they conspired to murder his father. The trial court granted summary judgment to Mrs. Bennett based on the doctrine of interspousal immunity. In this appeal, the appellant contends that Mrs. Bennett's marriage to his father was void, thus rendering the doctrine of interspousal immunity inapplicable, because his father had previously been married to a sister of Mrs. Bennett's, and that sister was still alive. *Held:*

1. Code § 53-105, entitled "Degrees of relationship within which marriage prohibited," provides as follows: "Marriages between persons related by affinity in the following manner are prohibited, viz: A man shall not marry his stepmother or mother-in-law, or daughter-in-law, or stepdaughter, or granddaughter of his wife. A woman shall not marry her corresponding relatives. Marriages within the Levitical degrees of consanguinity shall be void. Marriages within the degrees prohibited by this section shall be incestuous."

Consanguinity is defined as "[k]inship; blood relationship; the connection or relation of persons descended from the same stock or common ancestor . . . Consanguinity is distinguished from 'affinity,' which is the connection existing in consequence of a marriage, between each of the married persons and the kindred of the other." Black's Law Dictionary (Revised 4th Ed., 1968). Since no blood relationship was established between the appellant's father and his wife, their marriage did not violate Code § 53-105.

2. Because the father would, if he were living, be barred by the doctrine of interspousal immunity from bringing a personal injury action against his wife, and because the appellant's right of action for wrongful death is derivative from his father, the trial court was correct in granting Mrs. Bennett's motion for summary judgment based on the doctrine of interspousal immunity. See *Jones v. Swett,* 244 Ga. 715 (261 SE2d 610) (1979); *Williams v. Ray,* 146 Ga. App. 333 (246 SE2d 387) (1978).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 12, 1982 —
REHEARING DENIED MAY 11, 1982 —

*Larry Cohran,* for appellants.
*Paul Haynes, Stanley C. Coker, John E. Robinson, Roy E.*

*Barnes, Thomas J. Browning, Richard Powell,* for appellees.