### 64310. DOBBS v. NATIONAL BANK OF GEORGIA.

QUILLIAN, Chief Judge.

This is an appeal from the grant of summary judgment for plaintiff in an action to recover on a note.

Appellant, Massey and Washburn, were joint signers of a note to appellee. Upon default this action was commenced against all three obligors. Massey's and Washburn's answers denied liability and raised the defense of release by novation. Appellant initially answered admitting some indebtedness but denying the amount, and made admissions to that effect. Appellee then moved for summary judgment against appellant only. When appellant became aware of the co-defendants' defense of novation he amended his answer to allege the defense of release by novation and his motion to amend his admissions to deny any liability was granted. Although appellee produced no evidence to contradict appellant's allegation of novation, summary judgment was granted. *Held:*

"There can be no dispute that the release of one joint obligor releases all. *Ward v. Fleming,* 18 Ga. App. 128 (88 SE 899)." *Philips Audio &c. Corp. v. Bateman,* 160 Ga. App. 12, 13 (285 SE2d 747).

In the instant case, when summary judgment was granted, appellant's amended pleading alleged the affirmative defense of novation and his amended answers to admissions denied any liability due to release by novation. Appellee presented no evidence to negate this defense, nor is there any elsewhere in the record. Therefore, the trial court erred in granting summary judgment.

" 'On a motion for summary judgment the burden of establishing

the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. [Cit.]' [Cit.]" *Lansky v. Goldstein,* 136 Ga. App. 607 (1) (222 SE2d 62).

"There was still left in the defendant's pleadings, undisposed of by any motion or ruling, his affirmative defense of accord and satisfaction. There was a complete failure to 'pierce the pleadings' as to this defense." *Price v. B-Line Systems,* 129 Ga. App. 34 (3), 35 (198 SE2d 328).

"The plaintiff has failed to carry its burden by not piercing . . . (the defenses of substitution of debtors and novation) raised by defendants. [Cits.]" *Stratton & McLendon, Inc. v. Cameron-Brown Co.,* 140 Ga. App. 430, 431 (231 SE2d 447),

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1982.

*George L. Barron,* for appellant.
*Fredric Chaiken, Charles M. Gisler,* for appellee.