## 38852. BENNETT et al. v. BENNETT et al.

PER CURIAM.

After plenary consideration of this matter, it is found not to satisfy the criteria for the grant of certiorari and the writ is therefore vacated.

All the Justices concur, except Hill, P. J., Smith and Weltner, JJ., who dissent.

DECIDED OCTOBER 6, 1982.

*Larry Cohran,* for appellants.
*Richard Powell, Tom Browning, Roy Barnes,* for appellees.

WELTNER, Justice, dissenting.

I dissent.

We granted certiorari to determine whether an action for wrongful death brought by a plaintiff against his stepmother, alleging that she and others conspired to murder his father, is barred by the doctrine of interspousal immunity. In its opinion, *Bennett v. Bennett,* 162 Ga. App. 311 (2) (290 SE2d 206) (1982), the Court of Appeals, citing *Jones v. Swett,* 244 Ga. 715 (261 SE2d 610) (1979), held as follows: "Because the father would, if he were living, be barred by the doctrine of interspousal immunity from bringing a personal injury action against his wife, and because the appellant's right of action for wrongful death is derivative from his father, the trial court was correct in granting Mrs. Bennett's motion for summary judgment based on the doctrine of interspousal immunity."

There is no question that the Court of Appeals applied the rule laid down by our Court in *Jones v. Swett,* supra. I believe that rule is plainly wrong. The dissenting opinion of now Chief Justice Jordan, concurred in by now Chief Justice-elect Hill, includes this rhetorical question: "If a child cannot recover for the wrongful death of his stepfather, why should the law protect the stepfather from suit by the child for the wrongful death of his mother?" (Id., at p. 719.)

There is no answer, in right or in reason, to this paradox. I would overrule *Jones v. Swett,* and sanction a cause of action on behalf of a

child whose parent was killed wrongfully by one who is without the bounds of consanguinity.

I am authorized to state that Chief Justice-elect Hill and Justice Smith concur in this dissent.