68542. THIRSK et al. v. COLDWELL BANKER/BARTON & LUDWIG REALTORS.
(322 SE2d 544)

CARLEY, Judge.

Appellee-lessor brought suit seeking $5,400 in rent due on an allegedly abandoned lease, interest, and $540 in attorney fees. Appellant-defendants answered, raising the defense of constructive eviction based upon an unrepaired roof, and counterclaimed for damages on the basis of allegations of appellee's breach of the lease. Cross motions for summary judgment were filed. A hearing on the motions was held and the trial court granted summary judgment in favor of appel-

lee, with the exception of a $425 rental deposit that appellants had sought in their counterclaim. Accordingly, appellee was granted summary judgment in the total amount of $5,515, representing $5,400 for rent, plus $540 for attorney fees, less $425 for the rent deposit. Appellants appeal.

1. In support of the trial court's order, appellee asserts, in essence, that appellants failed to prove their constructive eviction defense. "The defense of constructive eviction has two essential elements. They are: (1) That the landlord in consequence of his failure to keep the premises repaired allowed it to deteriorate to an extent that it had become an unfit place for the defendant to carry on the business for which it was rented; and (2) that the premises could not be restored to a fit condition by ordinary repairs which could be made without unreasonable interruption of the tenant's business. [Cit.]" *Alston v. Ga. Credit Counsel, Inc.*, 140 Ga. App. 784, 785 (1) (232 SE2d 134) (1976). Appellants would, of course, have the burden of proving their defense of constructive eviction at trial. See *Collins v. Economic Opportunity Atlanta*, 159 Ga. App. 898, 899 (2) (285 SE2d 562) (1981). However, since appellee was a successful movant for summary judgment, the question in the instant case is whether it carried the burden of proving that there was no constructive eviction as a matter of law. See *Dobbs v. Nat. Bank of Ga.*, 163 Ga. App. 413 (294 SE2d 632) (1982).

Although appellee's motion was originally supported by evidence which would *authorize* a finding that the premises were merely "uncomfortable but not untenantable" (*Alston v. Ga. Credit Counsel, Inc.*, supra at 785), appellants' evidence in opposition was sufficient to show that, as the result of the unrepaired roof, the premises had become untenantable for their business purposes. See *Piano & Organ Center v. Southland Bonded Warehouse*, 139 Ga. App. 480 (228 SE2d 615) (1976); *Ginsberg v. Wade*, 95 Ga. App. 475 (97 SE2d 915) (1957). Under these circumstances, when the evidence is construed most strongly in favor of appellants, there was a genuine issue of material fact as to the fitness of the premises. *Piano & Organ Center v. Southland Bonded Warehouse*, supra.

Nor did appellee negate the other element of appellants' defense by appellee offering any evidence that the roof of the premises could be restored to a fit condition by ordinary repairs which could be made without unreasonable interruption of appellants' business. *Overstreet v. Rhodes*, 212 Ga. 521 (93 SE2d 715) (1956).

Appellee thus failed to show that no genuine issue of material fact remained as to either the fitness of the premises or the reasonableness of the repairs. Having failed, therefore, to negate at least one of the two elements of appellants' defense, appellee was not entitled to summary judgment. *Dobbs v. Nat. Bank of Ga.*, supra.

2. It was not error, however, to deny appellants' motion for summary judgment. When the evidence is construed most strongly against appellants, genuine issues of material fact remain with regard to the fitness of the premises. Appellants likewise offered no evidence that the repairs to the premises would have caused an unreasonable interruption of their business. Having failed, therefore, to establish that no genuine issue of material fact remained with regard to both elements of their defense of constructive eviction, appellants were properly denied summary judgment. See *First of Ga. Ins. Co. v. Josey*, 129 Ga. App. 14 (198 SE2d 381) (1973).

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 25, 1984.

*William R. Hurst*, for appellants.
*F. Carlton King, Jr., Simuel F. Doster, Jr.*, for appellee.