69227. WALKER v. HOUSING AUTHORITY OF ATLANTA.
(330 SE2d 729)

BENHAM, Judge.

Appellant, a tenant in the McDaniel-Glenn Housing Project, was sued by appellee-landlord for nonpayment of her rent. Appellant counterclaimed for compensatory and exemplary damages stemming from the diminished value of her apartment and personalty due to continuing rodent infestation. In her pleadings, she alleged that appellee breached its duty to repair defects as provided for by statute and lease agreement and thus exacerbated the infestation problem. A jury trial was held on all the issues, and at the close of evidence the trial court directed a verdict in favor of appellee for possession of the leased premises and $2,497.01 in unpaid rent. Appellant brings this appeal, citing as error the trial court's direction of a verdict against her on her counterclaims and on her claim for possession of the premises, and the court's exclusion from evidence of a certified copy of the Atlanta Housing Code. We reverse and remand for new trial.

1. "A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a). [Cits.]" *Carver v. Jones*, 166 Ga. App. 197 (3) (303 SE2d 529) (1983).

Our review of the record shows that there was a written lease agreement between the parties that required appellee to maintain the premises in a decent, safe, and sanitary condition and to repair defects within a reasonable period of time after notification by appellant of such defects. At trial appellant produced evidence to show that she had been living in the apartment complex for at least 11 years; that

the rodent infestation at issue began in 1980 after some MARTA-related building demolition; that in 1980 she notified appellee about the rats and requested a work order; and that appellee's response was to provide "glue balls" to catch the rats alive, leaving to appellant the task of killing them. She testified further that she continually notified appellee that the problem had not been solved and entreated appellee to send rat poison and to repair the holes in her apartment walls to prevent the rats from gaining entry, but that appellee failed to respond. There was also testimony that specific items of appellant's furniture, her family's clothing, and other personalty were damaged by vermin, and the unsafe and unsanitary conditions under which appellant's family lived as a result of the rodent problem were vividly described.

The trial court erred in directing a verdict against appellant on her counterclaims. At the very least, there was evidence to support a nominal damages award, there being proof of appellee's liability. *Ackley v. Strickland*, 173 Ga. App. 784 (328 SE2d 549) (1985); *Bradley v. Godwin*, 152 Ga. App. 782 (3) (264 SE2d 262) (1979).

2. When the landlord fails to keep the premises in repair and the tenant's use thereby is impaired, the tenant's remedies include occupying the premises without repair and holding the landlord responsible for damages by action, or by recoupment to an action for the rent. *Swim Dixie Pool Corp. v. Kraemer*, 157 Ga. App. 748 (1) (278 SE2d 448) (1981).

Since there was evidence sufficient to avoid a directed verdict on appellant's counterclaims, and since a verdict in her favor for an amount exceeding that claimed in rent at the time appellee sought the dispossessory warrant would negate appellee's claim for possession, the trial court erred in directing a verdict against appellant for possession of the premises.

3. While it appears that the trial court may have erred in excluding from evidence sua sponte a certified copy of the Atlanta Housing Code (see *Cambron v. Cogburn*, 118 Ga. App. 454 (1) (164 SE2d 350) (1968)), we also note that appellant "raised no such specific objection in the trial court. 'An enumeration of error complaining of admission of evidence . . . presents nothing for decision by this court where no objection was made at the trial.' [Cits.]" *Miller Distrib. Co. v. Rollins*, 163 Ga. App. 635, 636 (295 SE2d 187) (1982).

*Judgment reversed. Banke, C. J., and Pope, J., concur.*

DECIDED MARCH 29, 1985 —
REHEARING DENIED APRIL 17, 1985.

*Debra A. Segal, Marian Burge, David A. Webster, Dennis A. Goldstein*, for appellant.

*Alfred J. Turk III*, for appellee.