70856. SMITH v. ROWELL et al.
(335 SE2d 461)

SOGNIER, Judge.

Sara Thagard, executrix of the estate of Jeanette Smith, and Nessie Rowell, the decedent's mother, brought this wrongful death action against James Smith, as executor of the estate of Virgil Smith. The trial court denied James Smith's motion to dismiss the complaint and we granted his application for interlocutory appeal.

Appellant contends the trial court erred by denying his motion to dismiss because appellees are barred from recovery under the doctrine of interspousal tort immunity found in OCGA § 19-3-8. The facts are undisputed that Virgil Smith mortally shot his wife, Jeanette Smith, and then himself. Jeanette Smith survived her husband by one day.

A suit for wrongful death by the representative of the estate or by the next of kin authorized to bring suit is derivative to the decedent's right of action. *Williams v. Ray*, 146 Ga. App. 333 (1) (246

SE2d 387) (1978); *Bennett v. Bennett*, 162 Ga. App. 311 (2) (290 SE2d 206) (1982). Therefore, appellees are barred from recovery only if Jeanette Smith herself would have been barred from bringing an action for personal injuries against Virgil Smith. Id. The Supreme Court in *Robeson v. Intl. Indem. Co.*, 248 Ga. 306 (282 SE2d 896) (1981), in refusing to abrogate the doctrine of interspousal tort immunity on constitutional or policy grounds, pointed out the traditional policy reasons favoring retention of the rule including: (1) the belief that abrogation of interspousal tort immunity would foster marital disharmony and disunity, and (2) the fear of collusive or friendly lawsuits between the spouses. Id. at 308 (2). Recently, however, the Supreme Court has held the doctrine of interspousal tort immunity inapplicable where "there was, realistically speaking, no 'marital harmony' to be protected by application of the interspousal immunity rule. Nor [was] there in the record any hint of collusion between the [husband and wife] or of intent to defraud an insurance company." *Harris v. Harris*, 252 Ga. 387, 388 (2) (313 SE2d 88) (1984).

In the instant case the record reveals that Virgil Smith and Jeanette Smith had been separated for "some time" before the shooting incident. After discharging himself from the hospital where he had been receiving treatment for alcohol abuse, Virgil Smith went to Florida. He planned to return to Brunswick, Georgia, where Jeanette Smith lived, and had rented an apartment there of his own. There is no evidence that either of the parties intended to live together or were contemplating a reconciliation. Also, there is no indication in the record of collusion between Virgil Smith and Jeanette Smith or of any intent to defraud an insurance company.

Where, as here, a motion to dismiss is supported by matters outside of the pleadings, it is treated as a motion for summary judgment. OCGA § 9-11-12 (c); *Pooler v. Taylor*, 173 Ga. App. 859, 860 (1) (328 SE2d 749) (1985). We find that the trial court properly denied appellant's motion to dismiss because questions of fact remain whether "marital harmony" existed between the decedents or whether there was any collusive activity between them which would justify application of the doctrine of interspousal tort immunity. See *Harris*, supra at 388 (2); see generally *Thirsk v. Coldwell Banker &c. Realtors*, 172 Ga. App. 236, 238 (2) (322 SE2d 544) (1984).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 19, 1985.

*Neal G. Gale*, for appellant.
*Amanda F. Williams*, for appellees.