## 74903. JONES v. JONES.

(362 SE2d 403)

BIRDSONG, Chief Judge.

We granted this interlocutory appeal to determine whether the trial court erred in denying summary judgment to the defendant widow Elizabeth Jones in a wrongful death suit on the basis of the inapplicability of liability based upon spousal immunity.

Calvin M. Jones died as the result of an automobile accident which occurred while he was a passenger in the car driven by his wife, Elizabeth. His daughter, Linda Jones, filed a wrongful death suit individually and as executrix of his estate, against his widow Elizabeth. *Held*:

1. The trial court erred in denying the defendant wife summary judgment on the basis that issues of fact remain as to her entitlement to spousal immunity from suit by her husband's daughter.

(a) It was urged below by the plaintiff, and on appeal, that under *Harris v. Harris*, 252 Ga. 387 (313 SE2d 88) and *Smith v. Rowell*, 176 Ga. App. 100 (335 SE2d 461), the spousal immunity doctrine is inapplicable to the facts of this case because there is no hint of collusion between husband and wife to mortally injure the husband, and moreover, since the husband is dead, there is no marital harmony to preserve, both of which objects form the basis of the spousal immunity doctrine. *Harris v. Harris* involved an intentional tort and the obvious estrangement of spouses; *Smith v. Rowell* involved a fatal shooting which raised questions as to the absence of collusion and the absence of any marital harmony left to protect. See also *Warren v. State*, 255 Ga. 151 (336 SE2d 221), involving marital rape.

Whether those cases indicate a crumbling of judicial satisfaction with the spousal immunity doctrine, the facts of this case are starkly dissimilar, and are controlled by our decision in *Yates v. Lowe*, 179 Ga. App. 888 (348 SE2d 113). Like *Yates*, this is a negligence case. The policy considerations behind the spousal immunity doctrine — prevention of collusion and preservation of marital harmony — still obtain and will do so until the Act is repealed or is declared unconstitutional, about which possibilities we express no opinion. There is no evidence in this case to suggest "a lengthy separation or act of violence which clearly evidences the termination of marital harmony to a degree sufficient to deter any reasonable apprehension of collusion between the spouses and their estates," as indicated in *Smith*. Thus there is no evidence upon which to conclude the defendant wife is not entitled to the spousal immunity given her by the law.

Furthermore, there is not, as plaintiff daughter urges, a burden upon a defendant spouse to prove absence of collusion and the existence of marital harmony sufficient to invoke the immunity, either as a defendant in suit, as movant in summary judgment, or as spouse. *Harris* and *Smith* did not hold there is such a burden on the spouse. In those cases, and see *Warren v. State*, supra, the facts spurning immunity appeared largely by the nature of the case. The immunity is granted by statute and exists unless it is proved or shown otherwise.

The fact that the victim spouse is dead begs the question and destroys the principle entirely; it is also immaterial. See *Yates v. Lowe*, supra; *Harrell v. Gardner*, 115 Ga. App. 171, 173 (2) (154 SE2d 265).

(b) We hold further, as we are required by precedent to hold, that the plaintiff-daughter's individual suit is derivative of her deceased father's rights. That is, if he would be barred from suit against his wife, so is his daughter barred. *Jones v. Swett*, 244 Ga. 715 (261 SE2d 610); following *Horton v. Brown*, 117 Ga. App. 47 (159 SE2d 489); c.f. *Walden v. Coleman*, 217 Ga. 599, 602-605 (124 SE2d 265),

which held that the causes of action for mother and for children for the death of a father are separate and not dependent on the other. The rule in *Walden*, supra, might have particular attractiveness in view of the alleged judicial disenchantment with spousal immunity, insofar as the doctrine giving immunity to a wife for suit by her husband might lose some logic when it is applied to bar suit by the more removed and uncollusive child of the husband. However, in any case, we are bound by the ruling in *Jones v. Swett*, supra, and hold the plaintiff-daughter's suit is derivative of her father's, and since he would be barred, so is she.

The plaintiff appellee suggests that *Tolbert v. Murrell*, 253 Ga. 566 (322 SE2d 487) would permit her recovery for the wrongful death of her father, independent of any action taken by the widow appellant.

*Tolbert* held unconstitutional former OCGA § 51-4-2 insofar as it allowed a child of a deceased father to sue only if there was no widow, whereas former § 51-4-3 allowed the child of a deceased mother a cause of action independent of whether the father also sued for her wrongful death. *Tolbert* held: "Henceforth, children of deceased fathers who leave widows shall be afforded the rights afforded children [of deceased mothers] under [former] OCGA § 51-4-3." Id. p. 571. This, of course, was the law until the legislature in 1985 (Ga. L. 1985, p. 1253, § 1), limited the rights of children of deceased mothers and mothers as had previously been allowed only to children of deceased fathers in old OCGA § 51-4-2. Calvin M. Jones died during this period between *Tolbert* and the 1985 legislative amendment. Therefore, the plaintiff contends *Tolbert* allowed her, the child of a deceased father, the same right to an independent suit for his death as was formerly enjoyed only by children of deceased mothers under former § 51-4-3.

However, plaintiff overlooks the fact that, as the law stood before *Tolbert*, children of deceased *mothers* did not possess a right of action under former OCGA § 51-4-3 if their mother would have been barred from suit against their spouses by spousal immunity, this right being only derivative of their mother's right; so held *Jones v. Swett*, supra, which was a case involving children of a deceased mother.

(c) Finally, it is clear as well that the plaintiff daughter does not have a cause of action as executrix under OCGA § 51-4-5, since she would have such right only as derivative of her deceased parent's right for his own estate; and he had none, being barred by his wife's immunity. *Smith v. Rowell*, supra, pp. 100-101.

We therefore conclude on all counts that the trial court erred in denying summary judgment to defendant wife on the issue of spousal immunity.

2. The plaintiff in her brief below on motion for summary judg-

ment raised as an issue the constitutionality of the spousal immunity statute, on grounds of denial of equal protection for married persons versus single persons. See *Moran v. Beyer*, 734 F2d 1245 (7th Cir. 1984). However, the trial court made no ruling on this issue, but denied summary judgment to the defendant wife on grounds of the existence of issues of fact. Since no constitutional issue was raised in the pleadings, nor ruled on by the trial court, the issue is not ripe for appellate consideration. *Walker v. Hall*, 226 Ga. 68 (172 SE2d 411).

The decision below is reversed as to the determination that issues of fact exist which might deny the wife spousal immunity, and the case is remanded for consideration of any constitutional questions properly raised.

*Judgment reversed and case remanded. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 14, 1987 —
REHEARING DENIED NOVEMBER 3, 1987 —

*Robert R. Gunn II, Karl D. Warden*, for appellant.
*L. Z. Dozier, Neal B. Graham*, for appellee.