A90A1803. ROWE et al. v. BEN'S TRUCK STOP, INC.
(398 SE2d 760)

DEEN, Presiding Judge.

On August 5, 1987, the appellants leased premises from the appellee, for a term beginning October 15, 1987, and ending October 15, 1989. The lease required the appellant tenants to maintain personal property insurance and liability insurance to cover the customers inside the leased premises. The lease also included an option to renew

for 36 months, provided the appellant tenants complied with all the conditions of the lease. On July 19, 1989, the appellants notified the appellee of their exercise of the renewal option; the appellee, however, rejected that option, on the basis that the appellants had failed to maintain insurance as required under the lease.

The appellants did obtain the requisite insurance after they attempted to exercise the option, with the effective date of coverage being August 15, 1989. The appellee found this late acquisition of insurance unacceptable, and commenced a dispossessory proceeding. This appeal follows from the trial court's grant of summary judgment for the appellee. *Held*:

1. It was undisputed that maintenance of personal property and liability insurance by the appellants was a condition precedent to the renewal option, and that for most of the lease term the appellants had not obtained the requisite insurance. However, performance of a condition precedent can be waived. *Heitmann v. Commercial Bank*, 6 Ga. App. 584 (65 SE 590) (1909). Under OCGA § 13-4-4, "[w]here parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given to the other of intention to rely on the exact terms of the agreement." Ordinarily, whether the conduct of parties constitutes a mutual departure from and waiver of a contract provision is a question for the jury. *Southwest Plaster &c. Co. v. R. S. Armstrong & Bros. Co.*, 166 Ga. App. 373 (304 SE2d 500) (1983).

In this case, there was conflicting evidence regarding the parties' strict enforcement of the lease term requiring insurance. The appellee claimed that it had requested several times that the appellants obtain the necessary insurance, but that the appellants had indicated that the insurance was too expensive. The appellants claimed that the appellee knew about the lack of insurance during the lease period but never expressed any concern about it until the attempted exercise of the renewal option. Under these circumstances, a factual issue existed over whether the appellee waived the insurance term of the lease, and summary judgment for the appellee was inappropriate.

2. The appellee's motion for frivolous appeal damages is necessarily denied.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 26, 1990 —
REHEARING DENIED NOVEMBER 7, 1990 —

*James E. Sherrill*, for appellants.

*Glover & Davis, R. Keith Prater*, for appellee.