A92A1826. RE/MAX SPECIALISTS, INC. v. NATIONAL LIFE INSURANCE COMPANY.
(428 SE2d 654)

JOHNSON, Judge.

In June 1987, Re/Max Specialists, Inc. entered into a commercial lease agreement with National Life Insurance Company for office space. A lease extension and modification agreement was executed in March 1989 and provided for a monthly rental of $5,084, a late fee of five percent, reasonable attorney fees, and double rent if Re/Max should hold over. In December 1989, the lease term expired. However, Re/Max held over and continued to occupy the premises. National continued to demand payment of rent at the rate of $5,084 per month, notwithstanding the double rent provision. Ultimately, Re/Max defaulted by failing to pay rent. National filed a dispossessory action against Re/Max in state court seeking to recover possession of the premises, unpaid rent, late fees, and attorney fees. Re/Max filed an answer and counterclaim, seeking damages in the amount of $3,000 as a result of National's alleged failure to keep the premises in repair, as required by the terms of the lease. Prior to trial, Re/Max amended

its counterclaim increasing its claim for damages from $3,000 to $14,000, and vacated the premises.

The jury returned a verdict in favor of National, awarding rent in the amount of $13,605.45, late fees in the amount of $1,420 and attorney fees in the amount of $1,527.55. The jury found against Re/Max on its counterclaim. Judgment was entered on the verdict. Re/Max filed a motion for j.n.o.v. on National's claim and a motion for new trial on its counterclaim. Both motions were denied by the court. Re/Max appeals.

1. Re/Max contends that the trial court erred in denying its motion to strike from the evidence all references to double rent, arguing that National was barred from introducing evidence of double rent because it failed to amend its pleadings to seek double rent under the agreement. When the plaintiff seeks to introduce evidence on an issue of damages not requested in the complaint, counsel for the opposing party has two options. Counsel may object to the admission of the challenged evidence or move for a continuance making a showing of surprise. In either instance, the decision to sustain an objection or grant a motion for continuance, is within the trial court's discretion. See *Haynes v. State*, 180 Ga. App. 202, 203 (3) (349 SE2d 208) (1986); see also *Lester v. State*, 173 Ga. App. 300, 301 (2) (325 SE2d 912) (1985).

Here, counsel moved to strike the admission of evidence concerning double rent, claiming surprise. The court denied the motion apparently on the ground that no reasonable argument of surprise could be made because the subject lease agreement provided on its face for double rent in the event Re/Max held over. The trial court did not abuse its discretion in denying Re/Max's motion to strike the challenged evidence.

2. In its second enumeration of error, Re/Max contends that the trial court erred in denying its motions for directed verdict and j.n.o.v. on National's claim.

At the conclusion of all of the evidence, Re/Max made an unusual motion for a directed verdict asking the court to direct a verdict *in favor of National* on the claim of damages as alleged in National's pleadings, but allowing its counterclaim to be submitted to the jury. Pretermitting the issue of whether a party may move for a directed verdict in favor of the opposing party, we find that there was conflict in the evidence regarding the material issue of damages. The trial court did not err in denying Re/Max's motions for directed verdict and j.n.o.v. See *Stone v. Allen*, 201 Ga. App. 842, 843 (1) (412 SE2d 605) (1991).

3. Re/Max submitted a written request to charge containing the following language: "a lease provision requiring written notice by tenant to landlord of defects which landlord is bound to repair is waived

by the landlord when oral notice of defects is given and landlord acts upon such notice, . . . without insisting upon written notice." Re/Max contends that the trial court erred in refusing to give this charge. We agree.

There is a provision in the lease agreement between the parties requiring National to make structural repairs necessary for safety and tenantability upon written notification of such defects. At trial, Re/Max produced evidence indicating that National failed to repair a leaking roof resulting in extensive water damage; that in 1987 Re/Max sent a letter to National requesting the repair of the roof and the necessary repairs were made; that the roof continued to leak until the time that Re/Max vacated the premises in 1990; that at least two dozen phone calls were made to National regarding the problem; and that National had the roof repaired pursuant to the phone calls on several occasions. National emphasized that repairs were conditioned upon written notice, and that Re/Max had only given written notice on one occasion.

At the charge conference, National objected to the particular charge requested by Re/Max on the issue of waiver, arguing that the case cited in support of the principle of law embodied in the charge had been overruled. Re/Max responded that the case had been reversed on other grounds in a later decision. However, counsel did not have the case available for the court's review. We note the principle embodied in the requested charge was later upheld in *Piano & Organ Center v. Southland Bonded Warehouse*, 139 Ga. App. 480, 481 (1) (228 SE2d 615) (1976).

"On the trial of all cases it is the duty of the judge to charge the jury the principles of law applicable to all issues raised by the pleadings and the evidence, even without a request for such an instruction." *Claxton v. Claxton*, 214 Ga. 715, 719 (2) (107 SE2d 320) (1959). There is no question that it would have been better practice for counsel to have had copies of the case relied upon in support of the requested charge on waiver, as well as the case reversing it on other grounds available for the court's review. That notwithstanding, we find that the charge as requested was an accurate statement of the law and was adjusted to the evidence in this case.

In determining whether the error was harmless, we examined the record, finding that Re/Max met the necessary requirements for pursuing a claim for damages by recoupment in response to National's suit for rent. The court's failure to give the charge at issue was therefore harmful error. We reverse that portion of the judgment entered against Re/Max on its counterclaim, and remand this case to the trial court for a new trial on the counterclaim only.

*Judgment affirmed in part and reversed in part. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 5, 1993.

*Louis F. McDonald,* for appellant.
*Coleman & Dempsey, David J. Dempsey,* for appellee.