A05A1138. BRANDENBURG v. NAVY FEDERAL CREDIT UNION.
(625 SE2d 44)

SMITH, Presiding Judge.

This is an appeal from the trial court's order granting summary judgment to Navy Federal Credit Union, on the ground that its security interest was superior to that of plaintiff Pamela Brandenburg. Because factual issues exist as to whether Navy Federal acquired its interest in good faith and without notice of Brandenburg's interest, we reverse.

1. This action arises out of the divorce of Pamela Lynne Ivester Brandenburg (Pamela) and Scott Brandenburg (Scott). In the final judgment and decree of divorce entered January 25, 2000 nunc pro tunc to August 13, 1999, Pamela was ordered to quitclaim to Scott her interest in certain real property in Cherokee County. Scott was required by the final judgment to pay Pamela a lump sum of $40,000 in addition to child support for the couple's five children. On July 25, 2001, Scott by quitclaim deed conveyed title to the Cherokee County property to himself and to his new wife jointly. On September 21, 2001, Pamela recorded the final judgment and decree in the Cherokee County deed records.

In January 2002, Navy Federal gave Scott a home equity line of credit in the amount of $63,000. To secure the loan, Scott and his new wife conveyed title to the Cherokee County property by delivering to

---

Navy Federal a deed to secure debt. The Navy Federal security deed was recorded in the deed records of Cherokee County on March 18, 2002. On September 18, 2003, two writs of fi. fa. in favor of Pamela against Scott were recorded in the Cherokee County general execution docket.

Meanwhile, Pamela filed this action for fraudulent conveyance against Scott and his new wife in May 2003. In October 2003, a receiver was appointed by the trial court and on January 30, 2004, the trial court ordered that the Cherokee County property be sold. The property was subsequently sold, with the net proceeds of the sale going to the receiver. Navy Federal was added as a party to the proceedings, and it filed a claim asserting that its lien was "senior to that of all other claimants." Navy Federal moved for summary judgment. Relying on OCGA § 9-12-81 (b), the trial court granted the motion, and Pamela appeals.

Pamela contends that the controlling statute in this case is OCGA § 9-12-86 (b), which provides in relevant part that

> [n]o judgment . . . shall in any way affect or become a lien upon the title to real property until the judgment . . . is recorded in the office of the clerk of the superior court of the county in which the real property is located and is entered in the indexes to the applicable records in the office of the clerk.

The term "applicable records" includes "deed books, lis pendens dockets, federal tax lien dockets, general execution dockets, and attachment dockets." OCGA § 9-12-86 (a). Pamela's argument appears to be that because she recorded the divorce judgment in the deed records of Cherokee County before the Navy Federal security deed was recorded, her judgment lien takes priority over Navy Federal's interest.

Navy Federal contends that the controlling statute is OCGA § 9-12-81 (b), which provides as follows:

> As against the interest of third parties acting in good faith and without notice who have acquired a transfer or lien binding the property of the defendant in judgment, no money judgment obtained within the county of the defendant's residence in any court of this state or federal court in this state shall create a lien upon the property of the defendant unless the execution issuing thereon is entered upon the execution docket. When the execution has been entered upon the docket, the lien shall date from such entry.

According to Navy Federal, even though Pamela recorded the divorce judgment on the deed records of Cherokee County, this recordation was ineffective under OCGA § 9-12-81 (b) because the judgment was not also recorded on the general execution docket. But OCGA § 9-12-81 (b) expressly provides for protection of "third parties acting in good faith and without notice." One who claims the benefits of this section must prove that he belongs to this protected class. See *Eason v. Vandiver*, 108 Ga. 109-110 (33 SE 873) (1899). The record here shows that Navy Federal, a commercial lending institution, did not choose to have a title search performed before making a loan to Scott and accepting the Cherokee County property as security for the loan. Instead, an "ownership report" was performed, which states on its face, "This report provides only current owner information and a legal description of the land which has been selected by the customer. This report does not provide any information regarding real estate tax payment status, mortgages, liens, or any other encumbrances which may affect the priority of a customer's mortgage lien or deed of trust." The report was prepared on December 20, 2001 and indicated that a search had been conducted through October 12, 2001. Presumably, a search of the Cherokee County deed records as of October 12, 2001 would have shown Pamela's recorded judgment of September 21, 2001 and would have placed Navy Federal on notice of that judgment. Under the circumstances of this case, we cannot conclude as a matter of law that Navy Federal met its burden of showing that it was a member of the protected class of persons or entities who acquired a security interest in good faith and without notice of a previous judgment. The trial court therefore erred in granting summary judgment to Navy Federal.

2. Navy Federal filed a motion for imposition of frivolous appeal penalties. It follows from our holding in Division 1 that this motion must be denied.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED NOVEMBER 23, 2005 —
RECONSIDERATION DENIED DECEMBER 14, 2005 —

*McNally, Fox & Grant, Claude L. Goza, Jr.,* for appellant.
*Denise R. Griffin,* for appellee.