A07A0761. DELTA CLEANER SUPPLY COMPANY v. MENDEL DRIVE ASSOCIATES.
(648 SE2d 651)

SMITH, Presiding Judge.
In this case involving a commercial lease, Delta Cleaner Supply Company ("Delta") appeals from the trial court's order granting partial summary judgment in favor of Delta's landlord, Mendel Drive Associates ("Mendel"). For the reasons set forth below, we affirm in part, and reverse in part.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *Murray v. Fitzgerald Convenient Centers*, 239 Ga. App. 799 (521 SE2d 915) (1999).

---

[7] *Allen v. State*, 191 Ga. App. 623 (382 SE2d 690) (1989).
[8] Id. at 625.
[9] *In the Interest of B. J. C.*, 281 Ga. App. 228, 229 (635 SE2d 833) (2006).

Viewed in this light, the record shows that on March 10, 1998, Mendel and Delta entered into an initial lease agreement for a three-year term. The lease contained a provision requiring Delta "to install on tenant's water line a submeter and pay for its water useage." Mendel agreed to construct improvements in the space, including a bathroom. It is undisputed that during construction, Mendel decided to tie the water line for Delta's space into the line of an existing, adjacent tenant in order to expedite its completion of construction. As a result, Delta never installed a submeter. According to Delta's president, Mendel waived the requirement that it install a submeter, as well as the requirement that it pay for its water useage.

During the term of the first lease, the parties entered into a second one-year lease with the term beginning on April 15, 2001. The new lease contained no provision requiring Delta to install a separate submeter for its water useage. Instead, it obligated Delta to "pay all utility bills, including, but not limited to water. . . ." It is undisputed that Delta was never billed for and did not pay for its water use. The adjacent tenant, who paid the water bill for it and Delta's water use directly to the city, moved out between August and October 2001. Mendel then turned off the water, claiming that he forgot that the same line also supplied Delta. Delta had no water for six days.

During the first and second lease periods, Delta complained about security issues to Mendel, because some of its vehicles were broken into in the parking lot and the back security door to its premises was damaged when someone tried to break in. Delta complained that the parking lot was not kept adequately lit, that a security gate was not kept locked after business hours, and that there was no sign posted that warned of video surveillance or stated "no trespassing" as agreed upon by Mendel in response to Delta's security complaints.

In July 2001, Mendel filed a claim in magistrate court against Delta for late fees and past due rent. Delta filed an answer in August 2001 and asserted a counterclaim for diminution in rent based upon Mendel's failure to keep the premises safe. In November 2001, Delta amended its counterclaim to add a claim for a diminution of rent based upon Mendel turning off the water to its premises and for the unreimbursed expense of repairing the back service door. In December 2001, Delta vacated the premises based upon alleged constructive eviction by Mendel.

Mendel moved for partial summary judgment in its favor on its amended complaint for rent, late fees, and Delta's failure to pay its tax proration, as well as on Delta's counterclaim. Delta opposed the motion, arguing that genuine issues of fact existed as to its constructive eviction defense, as well as Mendel's liability to it for diminished

rental value and property damage expenses. The trial court granted Mendel's motion for rent, late fees, prejudgment interest, and the tax proration. It also granted summary judgment in favor of Mendel on Delta's counterclaim for diminution in rent based upon the termination of its water supply. The trial court denied summary judgment to Mendel on the remaining portions of Delta's counterclaim.

1. Delta asserts that the trial court should have denied summary judgment to Mendel on its claim for rent and late fees based upon its constructive eviction defense. The two essential elements of constructive eviction are:

> (1) [t]hat the landlord in consequence of his failure to keep the rented building repaired allowed it to deteriorate to such an extent that it had become an unfit place for the defendant to carry on the business for which it was rented, and (2) that it could not be restored to a fit condition by ordinary repairs which could be made without unreasonable interruption of the tenant's business.

(Citations omitted.) *Hightower v. Daniel*, 143 Ga. App. 217 (237 SE2d 688) (1977). Additionally, "there must be some grave act of a *permanent* character done by the landlord with the intention of depriving the tenant of the enjoyment of the demised premises before a constructive eviction will result." (Citation omitted; emphasis supplied.) *Alston v. Ga. Credit Counsel*, 140 Ga. App. 784, 785 (1) (232 SE2d 134) (1976).

In this case, as in *Hightower*, supra, "there was not the slightest bit of evidence concerning the second element." 143 Ga. App. at 218. All of the security measures and the water issues could have been resolved "without unreasonable interruption" of Delta's business. (Citations omitted.) Id. at 217. Additionally, none of them were permanent. See *Alston*, supra, 140 Ga. App. at 785. As a result, the trial court did not err by rejecting Delta's constructive eviction defense and granting summary judgment to Mendel on its claim for rent and late fees.

2. Delta also asserts that the trial court erred by granting summary judgment to Mendel on Delta's counterclaim for a diminution of rent based upon Mendel's termination of its water service. We agree. The record shows that a genuine issue exists with regard to whether Mendel waived the provision of the first lease requiring Delta to install a submeter for the water, as well as the provision in the second lease requiring Delta to pay for its water use. See *Rowe v. Ben's Truck Stop*, 197 Ga. App. 514, 515 (1) (398 SE2d 760) (1990). The record also reveals that there is a genuine issue as to whether Delta is entitled to a diminution of rent for the time period it was without

water service. See *Walker v. Housing Auth. of Atlanta*, 174 Ga. App. 585-586 (1) (330 SE2d 729) (1985) (tenant entitled, at a minimum, to nominal damages for landlord's failure to eliminate rodent infestation). The trial court, therefore, erred by granting summary judgment to Mendel on this portion of Delta's counterclaim.

3. Mendel's motion for a frivolous appeal penalty, Court of Appeals Rule 15 (b), or damages for an appeal taken for purposes of delay only, OCGA § 5-6-6, is denied. See *Brandenburg v. Navy Fed. Credit Union*, 276 Ga. App. 859, 861 (2) (625 SE2d 44) (2005) (motion for frivolous appeal denied when judgment reversed on appeal).

*Judgment affirmed in part and reversed in part. Barnes, C. J., and Miller, J., concur.*

DECIDED MAY 30, 2007 —
RECONSIDERATION DENIED JULY 2, 2007.

*Chorey, Taylor & Feil, Otto F. Feil III*, for appellant.
*Meriwether & Tharp, Patrick L. Meriwether, William C. Rhodes*, for appellee.