## 40567. HARRIS v. HARRIS.

SMITH, Justice.

Although married since 1964, Joseph and Mariah Harris had lived in a state of separation for approximately ten years when on October 9, 1982, Mariah Harris was struck by an automobile driven by Joseph and severely injured. The automobile was owned by a woman with whom Joseph Harris had lived, intermittently, for the past ten years and was driven by him with her permission.

Mariah Harris sued for personal injury in Chatham County Superior Court, alleging that Joseph was guilty of gross negligence in his operation of the vehicle. She prayed for $60,000 in compensatory damages and $1 million in punitive damages. Joseph Harris filed a motion for summary judgment, premised on the doctrine of interspousal tort immunity. See OCGA § 19-3-8 (Code Ann. § 53-501). It is from the trial court's order granting summary judgment in Joseph Harris' favor that Mariah Harris now appeals. We reverse.

1. Appellant enumerates as error the granting of her husband's summary judgment motion, contending that the common-law doctrine of interspousal tort immunity, which since July 1, 1983, has been codified in Georgia at OCGA § 19-3-8 (Code Ann. § 53-501) (Michie Supp. 1983)[1], is unconstitutional in that the doctrine violates the due process and equal protection provisions of the state and federal constitutions. We disagree. The issues raised by ap-

---

[1] OCGA § 19-3-8 (Code Ann. § 53-501), as it existed prior to July 1, 1983, stated: "The husband is the head of the family, and the wife is subject to him; her legal civil existence is merged in the husband, except insofar as the law recognizes her separately, for her own protection and for her benefit, or for the preservation of public order." Present OCGA § 19-3-8 (Code Ann. § 53-501) provides: "Interspousal tort immunity, as it existed immediately prior to the effective date of this Code section, shall continue to exist on and after the effective date of this Code section."

pellant were decided adversely to her position by this court in *Robeson v. International Indem. Co.,* 248 Ga. 306 (282 SE2d 896) (1981), and we see no reason to review that ruling here. The 1983 amendment of OCGA § 19-3-8 (Code Ann. § 53-501) did not effect any substantive change in the existing law of interspousal immunity in Georgia. Moreover, the law as amended appears to approve and perpetuate the then-existing case law, including *Robeson.* Appellant's constitutional challenge is therefore without merit.

2. We find merit, however, in appellant's argument that the bar of interspousal tort immunity is not applicable under the facts of this case.

In *Robeson v. International Indem. Co.,* supra, a majority of this court was careful to point out the traditional policy reasons favoring retention of the common-law immunity rule, including (1) the belief that abrogation of interspousal tort immunity would foster marital disharmony and disunity, and (2) the justifiable fear of collusive or friendly lawsuits between spouses. Neither of these traditional reasons, however, need concern us under the facts of this case. At the time of the collision, Joseph and Mariah Harris had been separated, despite sporadic reconciliation attempts, for approximately ten years. During this time, Joseph cohabited with another woman, a fact which was known to his wife. Thus there was, realistically speaking, no "marital harmony" to be protected by application of the interspousal immunity rule. Nor is there in the record any hint of collusion between the Harrises or of intent to defraud an insurance company. Under these peculiar facts we merely hold, consistent with the principles reviewed in *Robeson,* that the reasons for the immunity rule simply do not exist here, and that the doctrine of interspousal tort immunity does not apply to bar Mariah Harris' damages claim. Thus it was error for the trial court to grant summary judgment for Joseph Harris.

*Judgment reversed. All the Justices concur, except Marshall, P. J., and Weltner, J., who dissent.*

DECIDED MARCH 14, 1984 —
REHEARING DENIED MARCH 29, 1984.

*Martin, Thomas, Johnson & Yancey, Clarence L. Martin,* for appellant.

*Thomas C. Bordeaux, Jr., John Wright Jones, Cletus W. Bergen II, Timothy F. Callaway III, Kenneth L. Royal, Richard A. Rominger, Stephen W. Irving,* for appellee.

*Winburn, Lewis & Barrow, Gene Mac Winburn,* amicus curiae.

WELTNER, Justice, dissenting.

The "Tenth Annual Report on the Work of the Georgia Courts" published in February 1984 by the Judicial Council of Georgia/Administrative Office of the Courts, reflects that during the fiscal year July 1, 1982, through June 30, 1983, the total number of domestic relations civil filings lodged with the superior courts of this State was 69,802. That represents 36.1% of the total filings of 193,155, and is the largest single category of filings, exceeding the number of criminal matters filed by over 10,000, and the number of general civil cases by almost 30,000.

For each one of the unhappy family circumstances reflected by the formality of a filing before the superior courts of Georgia, there is an indeterminate number of other perhaps equally unhappy family circumstances.

Now, the majority has invited every disillusioned husband and every embittered wife to make use of the courts to vent their spleen by seeking monetary damages.

Now, every cruel or calumnious word, every insulting or threatening gesture, may find itself discussed for days before a jury of twelve people, consuming the time of the courts and the resources of the taxpayers who finance them.

Our new rule seems to be that those who are sufficiently unhappy with and estranged from each other may file suit, notwithstanding the doctrine of interspousal immunity.

In this case, the parties have been separated for several years. What if they were separated but one year?

What if they were separated but one day?

Or, what if one spouse is blissfully unaware of deep trouble within the other spouse, who remains silent until after the actionable deed or word or gesture?

I am authorized to state that Presiding Justice Marshall joins in this dissent.