128 Wis.2d 182 (1985)
381 N.W.2d 558
FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff-Respondent,
v.
Barbara Jean PRIOR, Defendant-Appellant, MILWAUKEE COUNTY, Defendant.[]
No. 85-0487.
Court of Appeals of Wisconsin.
Submitted on briefs September 4, 1985.
Decided December 4, 1985.
*183 For the plaintiff-respondent the cause was submitted on the briefs of Gray & End by Thomas D. Jacobs, of Milwaukee.
For the defendant-appellant the cause was submitted on the briefs of James A. Gramling, Jr., of Milwaukee.
Before Moser, P.J., Wedemeyer and Sullivan, JJ.
SULLIVAN, J.
Barbara Jean Prior (Prior) appeals from a summary judgment granted to the Federal National Mortgage Association (FNMA) in its foreclosure action. Because FNMA's refusal to accept partial payments tendered by Prior is not a defense to foreclosure, we affirm.
On May 26, 1972, Prior executed a purchase money mortgage on a house that was eventually assigned to FNMA. Fleet Mortgage Corporation (Fleet) was FNMA's servicing agent. Because Prior purchased the house under a federal program, FNMA and Fleet were obligated to follow certain HUD regulations. On December 1, 1983, Prior failed to make her required monthly payment. On or about January 14, 1984, Prior tendered the December payment, part of the January payment, and late fees to Fleet as its office. Fleet's employee rejected this tender and demanded the total amount then due. Again, in February of 1984, Prior tendered one half of the arrearage plus late fees. This *184 tender was also rejected by Fleet, and the full amount due was demanded. No payments have been made since November, 1983. FNMA commenced this action to foreclose on the mortgage due to Prior's default. The trial court granted summary judgment in favor of FNMA and Prior appeals.
The issue on appeal is whether the trial court erred in granting summary judgment for FNMA, despite FNMA's violation of a HUD regulation requiring acceptance of a partial payment by a mortgagor. See 24 C.F.R. § 203.556.[1]
*185 In reviewing a trial court's grant of summary judgment, this court applies the standards of sec. 802.08(2), Stats., in the same manner as the trial court. Gordon v. Milwaukee County, 125 Wis. 2d 62, 70, 370 N.W.2d 803, 807 (Ct. App. 1985). Summary judgment should be granted only when there appears on the record to be no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. There is no factual dispute here. Whether the mortgagee's violation of HUD's partial payment regulation is a defense to foreclosure is a question of law. As such, we must decide it independently without deference to the decision of the trial court. Ball v. District No. 4 Area Board, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).
Section 203.606 requires the mortgagee to ensure that all servicing requirements of this subpart have been met before initiating foreclosure. 24 C.F.R. § 203.606. It is undisputed that Fleet, FNMA's agent, refused Prior's partial payments in violation of 24 C.F.R. § 203.556. Thus, argues Prior, Fleet's violation *186 of the servicing requirement in sec. 203.556 bars FNMA from initiating foreclosure.
Prior, however, mischaracterizes HUD's mortgage servicing requirements. The HUD requirements regulate the relationship between the mortgagee and the federal government, not between the mortgagee and the mortgagor. If a mortgagee repeatedly violates the servicing requirements, it may be withdrawn from HUD's mortgage insurance program. 24 C.F.R. § 203.500.[2]
HUD recognizes that violations of certain regulations may be defenses to foreclosure: 24 C.F.R. § 203.500 states that HUD "takes no position on whether a mortgagee's refusal or failure to comply with §§ 203.650-203.662 is a legal defense to foreclosure; that is a matter to be determined by the courts." Those C.F.R. sections, however, deal with the assignment of a HUD-insured mortgage. We find it significant that 24 C.F.R. § 203.500 does not similarly recognize that a violation of sec. 203.556 may also be a legal defense to foreclosure.
*187 We conclude that a mortgagee's violation of 24 C.F.R. § 203.556 does not create a remedy in the mortgagor. Rather, the remedy lies with the federal government, which may drop the errant mortgagee from the program. The mortgagor-mortgagee relationship is neither governed nor affected by the mortgage servicing requirements in sec. 203.556.
A similar result was reached in Roberts v. Cameron-Brown Co., 556 F.2d 356 (5th Cir. 1977). The Roberts court held that the mortgagor could not assert the mortgagee's violation of a HUD regulation as a defense to foreclosure. The court pointed out that the regulations promulgated under the National Housing Act "deal only with the relations between the mortgagee and the government, and give the mortgagor no claim to duty owed nor remedy for failure to follow." Id. at 360 (citation omitted).
Thus, we conclude that FNMA's violation of 24 C.F.R. § 203.556 is irrelevant to the mortgagor-mortgagee relationship between Prior and FNMA. In addition, neither Wisconsin law nor the mortgage and note signed by Prior require FNMA to accept partial mortgage payments before foreclosure. For the foregoing reasons, we conclude that FNMA was entitled to judgment as a matter of law and we therefore affirm the trial court's judgment granting foreclosure to FNMA.
By the Court.Judgment affirmed.
NOTES
[] Petition to review denied.
[1] The regulation governing acceptance of partial mortgage payments, 24 C.F.R. § 203.556, reads as follows:

(a) For the purpose of this section, a partial payment is a payment of any amount less than the full amount due under the terms of the mortgage at the time the payment is tendered, including late charges.
(b) Except as provided in this section, the mortgagee shall accept any partial payment and either apply it to the mortgagor's account or identify it with the mortgagor's account and hold it in a trust account pending disposition. When partial payments held for disposition aggregate a full monthly installment they shall be applied to the mortgagor's account, thus advancing the date of the oldest unpaid installment but not the date on which the account first became delinquent.
(c) If the mortgage is not in default, a partial payment may be returned to the mortgagor with a letter of explanation.
(d) If the mortgage is in default, a partial payment may be returned to the mortgagor with a letter of explanation in any of the following circumstances:
(1) When payment aggregates less than 50 percent of the amount then due;
(2) The payment is less than the amount agreed to in a forbearance plan, whether or not reduced to writing;
(3) The property is occupied by a tenant who is paying rent and the rentals are not being applied to the mortgage payments; (4) Foreclosure has been commenced. (Foreclosure is commenced when the first action required for foreclosure under applicable law is taken.)
(e) Under the following circumstances the mortgagee may return any partial payment received more than 14 days after the mortgagee has mailed to the mortgagor a statement of the full amount due, including late charges, and a notice of intention to return any payment less than such amount.
(1) Four or more monthly installments are due and unpaid, or
(2) A delinquency of any amount has continued for at least six months since the account first became delinquent.
[2] The regulation governing mortgage servicing requirements in general, 24 C.F.R. § 203.500, reads as follows:

This subpart identifies servicing practices which the Secretary considers acceptable mortgage servicing practices of lending institutions servicing mortgages insured by the Secretary. Failure to comply with this subpart shall not be a basis for denial of insurance benefits but a pattern of refusal or failure to comply will be caused for withdrawal of a mortgagee's approval. It is the intent of the Department that no mortgagee commence foreclosure or acquisition of the property until the requirements of §§ 203.650-203.662 or instructions issued pursuant to said sections have been complied with. The Department takes no position on whether a mortgagee's refusal or failure to comply with §§ 203.650-203.662 is a legal defense to foreclosure; that is a matter to be determined by the courts.