## 71925. YATES v. LOWE et al.
## 71926. YATES v. LOWE.
### (348 SE2d 113)

McMURRAY, Presiding Judge.

These companion cases are actions arising from an airplane crash during an attempted takeoff from an airfield on Dog Island, Florida. The airplane in question was piloted by Dr. James T. Lowe, Jr., who was killed in the crash. The plaintiffs in these actions are the wife (Case No. 71926) and minor children (Case No. 71925) of Dr. Lowe, who were injured in the crash. The defendant in both actions is the estate of Dr. Lowe. Both actions are predicated upon the alleged negligence of the decedent in operation of the airplane.

In both complaints, plaintiffs gave notice of their intent to raise and rely upon decisions of Florida courts allowing the maintenance of both actions to the extent of decedent's available liability insurance coverage. Defendant moved for summary judgment in both actions, relying upon the doctrines of interspousal and parental immunity as recognized by Georgia law. In each action plaintiffs moved for partial summary judgment as to defendant's defenses of failure to state a claim upon which relief may be granted and reliance upon the law of Georgia. In both actions defendant appeals the grant of plaintiffs' motion for partial summary judgment and the denial of defendant's motion for summary judgment. *Held*:

Under Georgia law the lex loci delicti determines the substantive rights of the parties in airplane crash cases. *Risdon Enterprises v. Colemill Enterprises*, 172 Ga. App. 902, 903 (1) (324 SE2d 238).

### Case No. 71926

In *Snowten v. U. S. Fidelity &c. Co.*, 475 S2d 1211, the Supreme Court of Florida clearly asserted the continued viability of *the doctrine of interspousal immunity* in that state, holding that there was no waiver of the doctrine to the extent of available liability insurance. This is consistent with the general rule in Georgia. See OCGA § 19-3-8. The plaintiff wife seeks to avoid the effect of *Snowten* by suggesting that due to the death of Dr. Lowe, the policy considerations upon which *the doctrine of interspousal immunity* is predicated are no longer applicable. However, we find no Florida case addressing this issue in a similar factual context, therefore, we apply the Georgia rule, which is contrary to the plaintiff wife's argument. *Harrell v. Gardner*, 115 Ga. App. 171, 173 (2) (154 SE2d 265), having held that the "fact that the husband is dead at the time of the suit is immaterial [to the application of *the doctrine of interspousal immunity*]."

The plaintiff wife also contends that recent Georgia cases such as *Harris v. Harris*, 252 Ga. 387 (313 SE2d 88); *Smith v. Rowell*, 176 Ga.

App. 100 (335 SE2d 461), and *Warren v. State*, 255 Ga. 151 (336 SE2d 221), preclude application of *the doctrine of interspousal immunity* to bar the wife's claims. However, those cases may be distinguished on their facts because each involves a lengthy separation or act of violence which clearly evidences the termination of marital harmony to a degree sufficient to deter any reasonable apprehension of collusion between the spouses or their estates. In contrast, in the case sub judice it must be presumed that the plaintiff wife and her deceased husband's estate would be united in the desire to provide for her any available economic support. Consequently, the justifiable fear of a collusive or friendly lawsuit remains. As we noted earlier, we conclude there is no conflict between Georgia and Florida law on the question of the applicability of *interspousal* immunity under the facts of Case No. 71926.

We hold that the trial court erred in granting the plaintiff wife's motion for partial summary judgment. Furthermore, we conclude that the trial court erred in denying defendant's motion for summary judgment.

### Case No. 71925

In *Ard v. Ard*, 414 S2d 1066, the Supreme Court of Florida held that *the doctrine of parental immunity is waived to the extent of the parents' available liability insurance coverage.* (In the case sub judice decedent carried a liability insurance policy covering operation of the airplane.) This rule is in direct contradiction to the Georgia rule. See *Coleman v. Coleman*, 157 Ga. App. 533 (278 SE2d 114); *Maddox v. Queen*, 150 Ga. App. 408 (257 SE2d 918); *Bulloch v. Bulloch*, 45 Ga. App. 1 (163 SE 708). However, we do not find the Florida rule so offensive to the public policy of Georgia as to preclude its application to the case sub judice. Therefore, in Case No. 71925 the trial court did not err in granting a partial summary judgment in favor of the plaintiff children.

*Judgment affirmed in Case No. 71925 and reversed in Case No. 71926. Carley and Pope, JJ., concur.*

DECIDED JULY 14, 1986 —
REHEARING DENIED JULY 28, 1986 —

E. A. Simpson, Jr., Richard C. Mitchell, William J. Self, for appellant.

G. Conley Ingram, Richard T. Fulton, Earle B. May, Jr., for appellees.