76327. STANFIELD v. STANFIELD.
(371 SE2d 265)

DEEN, Presiding Judge.

Mary Ann Stanfield brought suit against Douglas Stanfield and Ruth Bowles seeking damages for injuries she incurred while a passenger in an automobile driven by Douglas Stanfield. The trial court granted Douglas Stanfield's motion for summary judgment and this appeal ensued.

The trial court granted the appellee's motion for summary judgment on the basis of the applicability of the interspousal tort immunity doctrine to the parties. The record reveals that on January 20, 1985, the date of the accident in question, the appellant and the appellee were wife and husband. At the time of filing the instant suit, the appellant was divorced from the appellee. In her affidavit filed in response to appellee's motion for summary judgment, the appellant stated "[i]n April of 1985, I filed a divorce action against [appellee]. He had physically and mentally abused me and our children for quite some time. These abuses commenced long before the accident on January 20, 1985." She also averred that "[t]he current lawsuit, or the possibility of a lawsuit, did not in any way contribute to the dissolution of my marriage. . . . I am in no way conspiring or colluding with my former husband in any way[,] shape or form. . . ." *Held*:

In *Wallach v. Wallach*, 94 Ga. App. 576, 578 (95 SE2d 750) (1956), where the parties were married at the time of the automobile collision but divorced before the subsequent lawsuit was filed, this court followed the general rule that " 'after divorce one of the former spouses cannot maintain an action against the other for a personal tort committed during coverture. . . .' " In granting summary judgment for the defendant former husband in the instant case, the trial court properly relied upon *Wallach*, since it has never been overruled and has, in fact, been cited with approval by the Supreme Court. See *Robeson v. Intl. Indem. Co.*, 248 Ga. 306 (282 SE2d 896) (1981).

The appellant contends that because the status of the parties' marriage at the time of the accident was so acrimonious, the traditional policy reasons for applying interspousal tort immunity were absent. However, only in extreme factual situations will the appellate courts deviate from a strict application of the general rule regarding interspousal immunity. In *Smith v. Rowell*, 176 Ga. App. 100 (335 SE2d 461) (1985), for example, this court found a jury question where the husband mortally shot his wife and then committed suicide. In *Harris v. Harris*, 252 Ga. 387 (313 SE2d 88) (1984), at the time of the injury the husband and wife had been separated for ten years, and the husband was living with another woman. As noted in *Yates v. Lowe*, 179 Ga. App. 888, 889 (348 SE2d 113) (1986), these cases "may be distinguished on their facts because each involves a lengthy separation or act of violence which clearly evidences the termination of marital harmony to a degree sufficient to deter any reasonable apprehension of collusion between the spouses or their estates." The instant case quite clearly is not in that category of cases, and the trial court correctly granted summary judgment for the appellee.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Carley, Pope, Beasley and Benham, JJ., concur. Pope, J., also concurs specially. Sognier, J., dissents.*

POPE, Judge, concurring specially.

While I fully concur with the majority opinion, I am compelled to note a further distinction between the facts of this case and those of recent cases in which the Georgia courts have looked to the status of the marriage to determine whether interspousal immunity would bar an action by one spouse against the other. The only cases in which our courts have held the doctrine of interspousal immunity would not bar an action by one spouse (or the spouse's representative) against another involve situations where the marriage ended in the death of one or both spouses at the time of the alleged negligent act (see *Trust Co. Bank v. Thornton*, 186 Ga. App. 706 (368 SE2d 158) (1988), and *Smith v. Rowell*, 176 Ga. App. 100 (335 SE2d 461) (1985)) or where the parties had not lived together as husband and wife for an extended period of time so that, de facto, no marital relationship existed at the time of the alleged negligent act (see *Harris v. Harris*, 252 Ga. 387 (313 SE2d 88) (1984)). In this case, appellant wife's sworn statement concerning a history of abuse predating the accident stands undisputed. However, the record contains no evidence to indicate the parties were not living together or otherwise involved in an ongoing marital relationship at the time of the accident, however acrimonious it may have been. In other words, for purposes of applying the interspousal immunity doctrine, there is a significant difference between, as in the case at hand, a bad marriage and, as in the cases cited

above, a non-existent marriage. Because the parties to this lawsuit were married at the time the alleged negligent act occurred, the interspousal immunity doctrine bars the wife's action.

SOGNIER, Judge, dissenting.

Despite unrebutted evidence adduced by the responding party on motion for summary judgment that no marital harmony existed at the time of the accident and that the instant suit was not instituted for collusive purposes, the majority finds that the evidence here is not sufficient to create a jury question whether the doctrine of interspousal tort immunity is applicable. Since the husband was not entitled to summary judgment either as a matter of law or as a matter of fact, I must respectfully dissent from the majority's finding.

I do not agree with the majority that the immunity rule is automatically applicable as a matter of law except in "extreme factual situations" where the couple is dead or has been living separately in excess of 10 years. The Supreme Court in *Harris v. Harris*, 252 Ga. 387 (313 SE2d 88) (1984) held that the immunity rule could be abrogated where, "realistically speaking, no 'marital harmony' [existed] to be protected by application of the interspousal immunity rule." Id. at 388. The dissenting opinion in *Harris* amply demonstrates that the Supreme Court was aware of evidentiary problems its holding might create: "In this case, the parties have been separated for several years. What if they were separated but one year? What if they were separated but one day? Or, what if one spouse is blissfully unaware of deep trouble within the other spouse, who remains silent until after the actionable deed or word or gesture?" Id. at 389. Nevertheless, the Supreme Court reversed a grant of summary judgment to one spouse in *Harris* because "the reasons for the immunity rule simply do not exist here." Id. at 388. Nothing in *Harris* or the case law traditionally applying the doctrine of interspousal tort immunity, see *Robeson v. Intl. Indem. Co.*, 248 Ga. 306 (282 SE2d 896) (1981), mandates the application of the doctrine in the case sub judice.

"The cardinal rule on summary judgment is to ascertain if there is an issue of fact, not to resolve disputed fact issues. [Cit.]" *Shankweiler v. McCall Procter/Densham*, 183 Ga. App. 257, 258 (358 SE2d 657) (1987). In the case sub judice, the only factual reason for applying the immunity rule is evidence that the Stanfields lived as husband and wife at the time of the accident. No evidence rebuts the wife's affidavit that the physical and mental abuse she suffered at the hand of her husband had destroyed all marital harmony between the couple long before the accident; no evidence hints at a collusive or friendly lawsuit between the Stanfields. This court held in *Smith v. Rowell*, 176 Ga. App. 100 (335 SE2d 461) (1985) that the question whether marital harmony realistically existed between the wife and

husband or whether there was any collusive activity between them which would justify application of the doctrine of interspousal tort immunity was a matter properly left for jury determination. It is an equally appropriate matter here for jury resolution and thus, under the authority of *Harris* and *Smith*, I would reverse the trial court's judgment herein.

DECIDED JULY 6, 1988.

*Anthony N. Perrotta*, for appellant.
*Malcolm S. Murray, Sr., David S. Thomson*, for appellee.