A91A0673. SHOEMAKE v. SHOEMAKE.
(407 SE2d 134)

SOGNIER, Chief Judge.

Rex Shoemake brought a personal injury suit against Abby Shoemake in September 1990. In response, Ms. Shoemake filed a verified answer in which she averred that she and Mr. Shoemake were married on January 18, 1990 and "have been married ever since." Ms. Shoemake then filed a motion to dismiss the complaint on the ground that it was barred by the doctrine of interspousal tort immunity. OCGA § 19-3-8. The trial court considered the facts set forth in Ms. Shoemake's verified answer (as it was authorized to do, see *Foskey v. Smith*, 159 Ga. App. 163, 164-165 (283 SE2d 33) (1981), cert. vacated, 249 Ga. 32 (289 SE2d 248) (1982)) and, converting Ms. Shoemake's motion to dismiss into a motion for summary judgment without ob-

jection by Mr. Shoemake, see *Davidson v. American Fitness Centers*, 171 Ga. App. 691, 693 (320 SE2d 824) (1984), granted the motion. Mr. Shoemake appeals.

Appellant contends the trial court erred by granting appellee's motion because the trial court misapplied the doctrine of interspousal tort immunity to this case. We do not agree. The doctrine of interspousal tort immunity bars actions between spouses in respect to personal torts committed by one spouse against the other, see *Robeson v. Intl. Indem. Co.*, 248 Ga. 306 (282 SE2d 896) (1981), except where the traditional policy reasons for applying interspousal tort immunity are absent, i.e., where there is no marital harmony to be preserved and where there exists no possibility of collusion between the spouses. *Harris v. Harris*, 252 Ga. 387 (313 SE2d 88) (1984); *Stanfield v. Stanfield*, 187 Ga. App. 722 (371 SE2d 265) (1988). Since we have held that "there is [no] burden upon a defendant spouse to prove absence of collusion and the existence of marital harmony sufficient to invoke the [doctrine of interspousal tort] immunity, either as a defendant in suit, as movant in summary judgment, or as spouse," *Jones v. Jones*, 184 Ga. App. 709, 710 (1) (a) (362 SE2d 403) (1987), rev'd on other grounds in 259 Ga. 49 (376 SE2d 674) (1989) and in *Trust Co. Bank v. Thornton*, 186 Ga. App. 706, 709 (368 SE2d 158) (1988), the grant of appellee's motion was proper unless the record reveals that appellant's suit falls within "that category of cases" of "extreme factual situations" as discussed in *Stanfield*, supra at 723, so as to authorize the courts to "deviate from a strict application of the general rule regarding interspousal immunity." Id.

Even construing the record most strongly in favor of Mr. Shoemake as the respondent on motion for summary judgment and giving him the benefit of all favorable inferences and reasonable doubts, see generally *Ga. Farm &c. Ins. Co. v. Allstate Ins. Co.*, 190 Ga. App. 593, 594 (379 SE2d 619) (1989), the only possible evidence we have found in the record indicating a lack of marital harmony is the slight inference created by the filing of the negligence action itself. Such an inference pales beside the affidavit filed by the wife in *Stanfield*, supra, detailing the physical and mental abuse she had suffered at the hands of her husband, which provided explicit evidence that all marital harmony had ceased to exist in that household before the date of incident which was the subject of her suit. Despite such evidence, a majority of this court held that the husband in *Stanfield* was entitled to summary judgment *as a matter of law* on his defense of interspousal tort immunity. But see id. at 724-725 (Sognier, J., dissenting).

In view of the controlling authority of *Stanfield*, there is no question that this appeal does not present the necessary factual situation to authorize a deviation from the strict application of the doctrine of

interspousal tort immunity. Contrary to appellant's argument, nothing in *GEICO v. Dickey*, 255 Ga. 661 (340 SE2d 595) (1986) supports his argument that the doctrine of interspousal tort immunity is not applicable in the case sub judice. Therefore, the trial court did not err by granting appellee's motion.

*Judgment affirmed. Andrews, J., concurs. McMurray, P. J., concurs in judgment only.*

DECIDED JUNE 25, 1991.

*Dale P. Smith*, for appellant.
*Blasingame, Burch, Garrard & Bryant, James B. Matthews III*, for appellee.