A94A0923. KRELL v. NATIONAL MORTGAGE CORPORATION.
(448 SE2d 248)

ANDREWS, Judge.

National Mortgage Corporation (National) held mortgages over Krell's residence and a separate rental property owned by Krell. Both mortgages were insured by the United States Department of Housing & Urban Development (HUD) under the National Housing Act (12 USC § 1701 et seq.). See 12 USC § 1709.

Krell defaulted on both mortgages by failing to make timely monthly payments. National refused to accept Krell's tender of partial payment on amounts due, insisting that payment be made on each mortgage for the full amount of the monthly payments due plus late charges. The mortgages continued in default without payments for approximately one year. After National instituted foreclosure proceedings, Krell filed for protection under Chapter 13 of the United States Bankruptcy Code. Krell subsequently made lump sum full payments bringing both mortgages current and stopping the foreclo-

sure proceedings.

Krell instituted two actions against National (one for each mortgage) on the basis that National's refusal to accept partial payments violated HUD regulations controlling mortgage servicing responsibilities for federally insured mortgages (see 24 CFR § 203.500 et seq.) and was an unfair or deceptive practice in the conduct of consumer transactions in violation of the Georgia Fair Business Practices Act (Georgia Act) (OCGA § 10-1-390 et seq.) or the Tennessee Consumer Protection Act of 1977 (Tennessee Act) (Tenn. Code Ann. § 47-18-101 et seq.).[1] Krell appeals from the trial court's grant of summary judgment in favor of National in both actions.

For purposes of reviewing the grant of summary judgment, we will assume, without deciding, that National violated HUD regulations promulgated pursuant to the National Housing Act requiring acceptance of partial payments by a mortgagor. See 24 CFR § 203.556. Nevertheless, we conclude that "the National Housing Act and the regulations promulgated thereunder deal only with the regulations between the mortgagee and the government, and give the mortgagor no claim to duty owed nor remedy for failure to follow." *Roberts v. Cameron-Brown Co.*, 556 F2d 356, 360 (5th Cir. 1977). Accordingly, Krell had no private cause of action against National for violation of the HUD regulations and the trial court properly granted summary judgment in favor of National on this claim. Id.; see *Kingston Square Tenants Assn. v. Tuskegee Gardens, Ltd.*, 792 FSupp. 1566, 1573 (S.D. Fla. 1992); *Fed. Nat. Mortgage Assoc. v. Prior*, 381 NW2d 558 (Wis. App. 1985).

For the same reason, the trial court also properly granted summary judgment on Krell's remaining assertions that violation of the HUD regulations supported claims under the Georgia Act or the Tennessee Act. Even assuming, arguendo, that the Georgia Act would apply to a mortgage transaction of this type (see *Whisenant v. Fulton Fed. Sav. &c. Assn.*, 200 Ga. App. 31, 34 (406 SE2d 793) (1991), Krell's action cannot be based solely on a claim that National violated the HUD regulations. *Roberts*, supra. As to the Tennessee Act, assuming, without deciding, that the Georgia rule of lex loci delicti would justify application of the Tennessee Act to the actions taken by National in Memphis, Krell has not provided any evidence of, nor have we found, any Tennessee case addressing this issue showing that Tennessee law differs from our determination that violation of the HUD regulations does not support a private cause of action against National. Accordingly, for purposes of this appeal, the law of Tennes-

---

[1] National was located in Memphis, Tennessee, where Krell alleges that the refusal to accept partial payments occurred.

see will be presumed to be the same as Georgia law. *Aetna Cas. &c. v. Westinghouse Elec. Co.*, 176 Ga. App. 748, 753 (337 SE2d 390) (1985); *Yates v. Lowe*, 179 Ga. App. 888 (348 SE2d 113) (1986).[2]

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED AUGUST 15, 1994 —
RECONSIDERATION DENIED AUGUST 25, 1994 — 

Mark L. Krell, *pro se.*

*Webb, Tanner & Powell, Anthony O. L. Powell, R. Jack Wilson, Steven A. Pickens,* for appellee.

---

[2] Appellee's motion to dismiss the appeal is denied. Appellee's motion to strike documents attached to appellant's brief is rendered moot. Appellant's counter-motions to appellee's motions are rendered moot.