## A97A1830. BEARDEN v. BEARDEN.
### (499 SE2d 359)

Johnson, Judge.

Paula Bearden was injured in an automobile accident while riding as a passenger in a car driven by her husband, David Bearden. She sued her husband, claiming her injuries were caused by his negligent operation of the car. The trial court granted summary judgment in favor of Mr. Bearden on the basis of the interspousal tort immunity doctrine. On appeal, Ms. Bearden claims the trial court erred in applying the doctrine because she alleges that the facts show she and her husband had not lived together for a long period of time and that no marital relationship existed between them. We agree that David Bearden was not entitled to be shielded by the doctrine of interspousal tort immunity as a matter of law, and reverse the trial court's decision.

On motion for summary judgment the movant has the initial burden of showing that no genuine issue of material fact remains and that he is entitled to judgment as a matter of law. "Once the movant has made a prima facie showing that [he] is entitled to judgment as a matter of law, the burden shifts to the respondent to come forward with rebuttal evidence. [Cit.]" *Ellis v. Curtis-Toledo, Inc.*, 204 Ga. App. 704, 705 (2) (420 SE2d 756) (1992). But that rebuttal evidence is treated with great deference, and the court is required to construe all evidence and all reasonable deductions in favor of the respondent, and to give the respondent the benefit of every doubt and every reasonable inference. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In support of his motion for summary judgment, Mr. Bearden produced an affidavit stating that the parties married in November 1987 and separated in early 1989. He stated, however, that during the separation, he and his wife "were together frequently[;] . . . spent the night together at motels and other places[,] . . . [and that,] [o]n the day of the accident, to wit, July 11, 1995, my wife and I had been together since the previous day." He stated they were returning from a swimming trip when the accident occurred.

In opposition to summary judgment, Ms. Bearden stated by affidavit that the parties have been separated since 1989 "because we could not get along with each other." She stated that during the separation, Mr. Bearden has lived with other women, and she has considered herself "unofficially divorced" from him with "no plan or hope for us getting back together." Ms. Bearden further stated in her affidavit that "[t]here has not been any 'harmony' to preserve in our marriage since we separated in 1989 . . . [and that] I am not colluding or scheming with the Defendant in any way in prosecuting this claim." Ms. Bearden's mother gave an affidavit stating that the parties have not lived together since 1989, and that she has not "seen any interaction between them that would give [her] any hope for them getting back together in the future." There was also evidence that on the same day Ms. Bearden commenced the present action, she also filed an action seeking a divorce from Mr. Bearden.

This case is indistinguishable from *Harris v. Harris*, 252 Ga. 387, 388 (2) (313 SE2d 88) (1984), where the Supreme Court of Georgia reiterated the traditional policy reasons for applying the interspousal tort immunity doctrine: (1) the belief that abrogation of interspousal tort immunity would foster marital disharmony and disunity and (2) the justifiable fear of collusive or friendly lawsuits between spouses. In *Harris*, the facts showed that the husband and wife had been separated for ten years at the time of the accident, and during that time the husband cohabited with another woman. Although there was evidence of "sporadic reconciliation attempts," there was no evidence of a substantial ongoing relationship. Id. Thus, the Supreme Court concluded that there was no "marital harmony" to be protected by application of the interspousal immunity rule. Id. There was also no evidence of collusion or intent to defraud an insurance company. Id.

We acknowledge, as the dissent points out, that Ms. Bearden's statement in her affidavit that she is "not colluding or scheming with the Defendant in any way in prosecuting this claim" is conclusory and should not be considered. "[C]onclusory allegations by way of an affidavit, unsupported by specific allegations of fact, will not be sufficient to avoid summary judgment." *Swanson v. Lockheed Aircraft Corp.*, 181 Ga. App. 876, 879 (354 SE2d 204) (1987). Nonetheless, the affidavits of Ms. Bearden and her mother state that the parties had not lived together for some six years prior to the accident and neither had any hope that the Beardens would reconcile. In addition, there is no evidence in the record of collusion or intent to defraud an insurance company. Treating that evidence with the deference required on summary judgment, it is sufficient to create a genuine issue regarding the status of the relationship.

The doctrine of interspousal immunity exists to preserve the

sanctity of marriage and to prevent the possibility of collusive lawsuits. This doctrine may be abrogated where there is no marital harmony or unity to preserve and where there is no possibility of collusion. *Harris*, 252 Ga. at 389 (2). Here, although Mr. and Ms. Bearden did occasionally spend the night together, such evidence without more, does not resolve the factual issue of whether there was a state of marital unity to be preserved. In light of Ms. Bearden's uncontroverted testimony that they had not lived together as husband and wife for more than six years, could not get along with each other, and had no hope or plan for reconciliation at the time of the accident, Mr. Bearden was not entitled to summary judgment as a matter of law. Our law does not presume that where there is some evidence of friendship, civility, or intimacy in a relationship, there exists as a matter of law, a de facto state of marital harmony, notwithstanding all evidence to the contrary. See id.

While the dissent repeatedly characterizes the relationship between the parties as substantial and ongoing, the affidavit testimony must speak for itself. On summary judgment it is inappropriate for this Court to weigh evidence or determine its credibility. Where the facts, as testified to by the parties, create a conflict in the evidence as to a material issue, summary judgment is precluded. *HOH Co. v. Ethridge*, 168 Ga. App. 20, 22 (2) (308 SE2d 43) (1983). Accordingly, the trial court's grant of summary judgment to Mr. Bearden on the basis of interspousal tort immunity is reversed.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Beasley, Blackburn, Smith, Ruffin, Eldridge, JJ., and Senior Appellate Judge Harold R. Banke concur. Andrews, C. J., dissents.*

ANDREWS, Chief Judge, dissenting.

Under the interspousal tort immunity doctrine (codified at OCGA § 19-3-8), actions between spouses for personal torts committed by one spouse against the other are barred "except where the traditional policy reasons for applying [the doctrine] are absent, i.e., where there is no marital harmony to be preserved and where there exists no possibility of collusion between the spouses." (Citation and punctuation omitted.) *Shoemake v. Shoemake*, 200 Ga. App. 182, 183 (407 SE2d 134) (1991). Deviation from strict application of the spousal immunity doctrine is sanctioned "only in extreme factual situations . . . clearly evidenc[ing] the termination of marital harmony to a degree sufficient to deter any reasonable apprehension of collusion between the spouses or their estates." (Citation and punctuation omitted.) *Stanfield v. Stanfield*, 187 Ga. App. 722, 723 (371 SE2d 265) (1988).

This case does not involve an extreme factual situation which would allow deviation from the strict application of the doctrine of

interspousal immunity. The record contains unrefuted evidence set forth in Mr. Bearden's affidavit that, despite living apart for over six years, the parties maintained a substantial ongoing marital relationship by seeing each other frequently and spending the night together. Although the affidavits given by Ms. Bearden and her mother show that the parties had been separated for approximately six years and that they had no current plans to live together again on a full time basis, the affidavits do not refute the evidence given by Mr. Bearden establishing the parties' ongoing marital relationship. In fact, the record shows that when the accident occurred the Beardens were returning from a trip they took together which began the previous day. As the affidavits of both parties indicate, it may not have been a good marriage, but "for purposes of applying the interspousal immunity doctrine, there is a significant difference between . . . a bad marriage and . . . a non-existent marriage." *Stanfield*, supra at 723-724 (Pope, J., concurring specially). Ms. Bearden's conclusory statements in her affidavit that there was no marital harmony to preserve and that her suit was not collusive were not sufficient to establish that the doctrine does not apply. "[C]onclusory allegations by way of an affidavit, unsupported by specific allegations of fact, will not be sufficient to avoid summary judgment." *Swanson v. Lockheed Aircraft Corp.*, 181 Ga. App. 876, 879 (354 SE2d 204) (1987). Neither does the fact that Ms. Bearden commenced a divorce action when she filed the present action require a different result. See *Stanfield*, supra at 722.

The above facts distinguish this case from *Harris v. Harris*, 252 Ga. 387 (313 SE2d 88) (1984), where the Supreme Court concluded on the facts before it that the traditional policy reasons for applying the interspousal tort immunity doctrine were absent, and therefore the doctrine did not apply. Id. at 388. The husband and wife in *Harris* had been separated for ten years at the time of the accident, and the husband had been cohabiting with another woman. There was evidence of "sporadic reconciliation attempts," between the husband and wife, but there was no evidence that the married but separated couple in *Harris* had maintained a substantial ongoing marital relationship like the Beardens by seeing each other on a frequent basis and spending the night together. Id. at 388. Unlike the facts in *Harris*, the present facts do not support the conclusion that there was no marital harmony to be protected and thus no justifiable fear of a collusive or friendly lawsuit. *Yates v. Lowe*, 179 Ga. App. 888, 889 (348 SE2d 113) (1986).

*Harris* clearly states that the bar of the interspousal tort immunity doctrine may be avoided only in cases where "realistically speaking, [there is] no 'marital harmony' to be protected. . . ." Id. at 388. The majority does not conclude that there was no marital harmony

between the Beardens to be protected. In fact, the majority concedes that there is evidence in the present record to support the conclusion that there was marital harmony to be protected, but it finds that the trial court erred in applying the doctrine as a bar to the suit because "such evidence, without more, does not resolve the factual issue of whether there was a state of marital unity to be preserved." This reasoning misconstrues the manner in which the doctrine is applied. *Harris*, for example, did not rule that whether the doctrine of interspousal tort immunity should apply was a question of fact for a jury in that case. In *Harris*, the Supreme Court determined as a matter of law on the undisputed facts of the case that "the reasons for the immunity rule simply do not exist here, and that the doctrine of interspousal tort immunity does not apply to bar [the plaintiff's] damages claim." Id. at 388.

Setting aside Ms. Bearden's conclusory statements, the relevant facts in the present case regarding the status of the parties' marital relationship are also undisputed. Whether the undisputed facts supported Mr. Bearden's claim to statutory interspousal tort immunity was a question of law for the trial court subject to de novo review by this Court. See *Harris*, supra; *Keenan v. Plouffe*, 267 Ga. 791, 793, n. 1 (482 SE2d 253) (1997) (where the relevant facts were not in dispute, whether official immunity was applicable was a question of law for the court); compare *Trotter v. Ashbaugh*, 156 Ga. App. 130, 133 (274 SE2d 127) (1980) (controverted facts remained for jury resolution before court could determine whether interspousal tort immunity barred the action).[1]

Because undisputed evidence showed that, at the time of the accident, the married parties, though separated for a lengthy period of time, continued to see each other frequently and spend the night together, this was not a case in which there was clearly no marital harmony to preserve and no reasonable apprehension of collusion between the spouses. *Shoemake*, supra at 183. On these facts, the trial court correctly concluded as a matter of law that the doctrine of interspousal tort immunity barred the suit.

DECIDED MARCH 13, 1998 ▆

*Rodney L. Mathis*, for appellant.

---

[1] To the extent *Smith v. Rowell*, 176 Ga. App. 100 (335 SE2d 461) (1985) may be read to state that a jury should decide whether the undisputed facts establish the existence of the necessary public policy reasons for application of the doctrine of interspousal tort immunity, it should be overruled.

*McCamy, Phillips, Tuggle & Fordham, James H. Phillips,* for appellee.