A04A0317. LARKIN v. LARKIN.
(601 SE2d 487)

ADAMS, Judge.

The issue raised in this case is whether interspousal tort immunity survives the death of both spouses.

On August 7, 1999, Roy Williams was injured in an accident in a car being driven by his wife Aleen Williams. In October 2000, both Roy and Aleen died in an unrelated accident. Frances Larkin was appointed the administrator of both estates. On August 6, 2001, Larkin, on behalf of Roy's estate, filed suit against Aleen's estate for the injuries Roy suffered in the 1999 accident as a result of alleged negligence by Aleen. The two estates are represented by different lawyers.[1] Aleen's estate answered and raised several defenses, including that the suit was barred by the doctrine of interspousal tort immunity. Aleen's estate filed a motion for summary judgment on that issue, and the trial court granted the motion.

There is no question that the suit would have been barred if both Roy and Aleen were still alive and still married: the doctrine of interspousal tort immunity bars actions between spouses with respect to personal torts committed by one spouse against the other. *Robeson v. Intl. Indem. Co.*, 248 Ga. 306 (282 SE2d 896) (1981); OCGA § 19-3-8. Although the doctrine "may be abrogated where there is no

---

[1] In this case, we are not faced with the question of the propriety of one person serving as the administrator of two estates involved in litigation.

marital harmony or unity to preserve and where there is no possibility of collusion," *Bearden v. Bearden*, 231 Ga. App. 182, 184 (499 SE2d 359) (1998), "only in extreme factual situations will the appellate courts deviate from a strict application of the general rule regarding interspousal immunity." *Stanfield v. Stanfield*, 187 Ga. App. 722, 723 (371 SE2d 265) (1988) (e.g., " 'a lengthy separation or act of violence which clearly evidences the termination of marital harmony to a degree sufficient to deter any reasonable apprehension of collusion between the spouses or their estates' "). See also *Robeson*, 248 Ga. at 308.

To assess whether the doctrine is applicable here, we refer to the two policy considerations underlying the doctrine: (1) to foster marital harmony by preventing suits between spouses; and (2) to avoid fraudulent or collusive lawsuits. *Robeson*, 248 Ga. at 308. The time at which these policies are relevant is the time of suit or thereafter, not the time of the facts that led to the suit. See *Nelson v. Spalding County*, 249 Ga. 334 (290 SE2d 915) (1982); *Arnold v. Arnold*, 189 Ga. App. 101, 103-104 (375 SE2d 225) (1988) (concerning the interfamily immunity doctrine); *Clabough v. Rachwal*, 176 Ga. App. 212, 214 (335 SE2d 648) (1985).

In this case there was obviously no marital harmony left to preserve at the time the suit was filed. See *Trust Co. Bank v. Thornton*, 186 Ga. App. 706, 707 (368 SE2d 158) (1988). But if either of the underlying policies is implicated, the doctrine will be applied. See, e.g., *Yates v. Lowe*, 179 Ga. App. 888, 889 (348 SE2d 113) (1986). In *Yates*, this Court was concerned about the possibility of fraud or collusion in a suit between the plaintiffs and the estate of the deceased spouse. Id. Accordingly, we must consider whether the possibility of fraud or collusion exists under the facts of this case.

First, the same person represents both estates. Second, Roy's estate acknowledges that Aleen's estate may have insurance coverage applicable to Roy's claims. The danger present here is that Aleen's estate could concede fault in the suit in an effort to obtain insurance proceeds for the benefit of both estates. As explained in *Robeson*, 248 Ga. at 308 (3), the possibility of fraudulent or collusive claims "is particularly true where the defendant spouse is insured and both spouses will benefit if the plaintiff spouse wins the lawsuit and enforces the claim against the insurance company." That only the estates are involved in this suit does not change our opinion. See *Yates*, 179 Ga. App. at 889 (possible collusion between surviving spouse and estate of the deceased spouse was grounds for summary judgment). This is especially true because both estates are represented by the same person. Our de novo review of the undisputed facts of this case show that the trial court correctly applied the doctrine of interspousal tort immunity to the facts of this case.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED JUNE 28, 2004.

*Jerry M. Daniel*, for appellant.
*Glover & Blount, Percy J. Blount*, for appellee.