## A04A0386. COX v. TURNER.
### (601 SE2d 728)

MILLER, Judge.

Jimmy Turner filed an application for a criminal arrest warrant in Forsyth County Magistrate Court, alleging that Chris Cox had committed criminal trespass on his property. The magistrate court dismissed the application, and no arrest warrant was issued. Nevertheless, Cox filed a complaint against Turner in Dawson County Superior Court for malicious prosecution. Turner answered and moved for judgment on the pleadings, which motion the trial court granted. Cox appeals, contending that the trial court's ruling was in error. We disagree and affirm.

1. Despite Cox's several enumerations of error and labyrinthine arguments, the dispositive issue on appeal is whether the trial court properly granted judgment on the pleadings in favor of Turner. Thus, the question here is whether the undisputed facts appearing from the pleadings indicate that Turner is entitled to judgment as a matter of law. *State Soil & Water Conservation Comm. v. Stricklett*, 252 Ga. App. 430, 436 (4) (a) (555 SE2d 800) (2001).

> Where the party moving for judgment on the pleadings does not introduce affidavits, depositions, or interrogatories in support of his motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim.

Id. at 436-437 (4) (a).

In order to prevail on his claim for malicious prosecution, Cox was required to show: "(1) prosecution for a criminal offense instigated by defendant; (2) *issuance of a valid warrant, accusation,*

*indictment, or summons*; (3) termination of the prosecution in favor of plaintiff; (4) malice; (5) want of probable cause; and (6) damage to plaintiff." (Citations omitted; emphasis supplied.) *Kaiser v. Tara Ford, Inc.*, 248 Ga. App. 481, 486 (1) (546 SE2d 861) (2001); see OCGA § 51-7-40.

Here, it is undisputed that Turner's application for an arrest warrant was dismissed and that no arrest warrant was issued.[1] Since it is clear from the pleadings that a warrant was not issued, Cox's claim for malicious prosecution must fail. Cf. *Kaiser*, supra, 248 Ga. App. at 486-487 (1) (a) (malicious prosecution claim fails as a matter of law where undisputed facts reveal that one of essential elements of claim cannot be shown). The trial court properly granted judgment on the pleadings in favor of Turner.

2. In light of our holding in Division 1 that the trial court correctly granted Turner's motion for judgment on the pleadings, Cox's argument that he was entitled to an oral hearing on the motion is without merit, and we need not reach Cox's remaining enumerations.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 17, 2004 —
RECONSIDERATION DENIED JULY 2, 2004 —

*Cox & Stauffer, Roland J. Cox, Joseph E. Stauffer*, for appellant.
*Stewart, Melvin & Frost, Lydia J. Sartain, Nancy L. Richardson*, for appellee.

---

[1] Cox's argument that the *application* for an arrest warrant is the equivalent of a summons, accusation, or warrant actually being issued is entirely without merit. Indeed, the purpose of the hearing on the application was to determine whether an arrest warrant should be issued. See OCGA § 17-4-40 (b) (5).