**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 13, 2024**

# In the Court of Appeals of Georgia

A23A1310. MCDANIEL v. MCDANIEL et al.

DOYLE, Presiding Judge.

Angie McDaniel appeals the trial court's dismissal of her claims of malicious prosecution, false imprisonment, false-light invasion of privacy, damage to reputation, intentional infliction of emotional distress, and requests for punitive damages and attorney fees against ex-husband Nathan McDaniel, ex-in-laws Galan and Francis McDaniel, and John Does (collectively "the Defendants") for their role in her arrest for charges of sexual exploitation of children — charges that were later dismissed without prosecution. McDaniel argues that the trial court erred by finding that her claim for malicious prosecution was barred by the doctrine of interspousal tort

immunity. For the reasons that follow, we affirm in part, vacate in part, and remand the case for further proceedings consistent with this opinion.

According to Angie's verified complaint, by April 9, 2014, Angie and Nathan separated in preparation for a divorce, which Angie filed on May 28, 2014. Angie alleged that in late April 2014, Francis (Nathan's mother) and Galan (Nathan's brother) gave false statements to police that resulted in Angie's eventual arrest and her involuntary commitment for mental health issues for at least seven days. Angie also alleged that "forged evidence . . . was placed upon [her] phone [by Nathan] which portrayed pictures which resulted in her arrest and indictment" by federal prosecutors. Angie contended that she was held in Bartow County jail for four months based on this false evidence, and although the Federal Bureau of Investigation later confirmed that the evidence was planted and the charges were dismissed by October 2019, she was irreparably harmed. Based on these allegations, in September 2021, Angie filed her complaint against the defendants.

The defendants answered and moved to dismiss the claims, contending that the statutes of limitation had run on many of the claims and any timely filed claims were barred by interspousal tort immunity. Attached to the motion were numerous

documents including filings from the couples' divorce proceedings, arrest warrants, and criminal pleadings. Those documents established the following: (1) Angie filed for divorce on May 28, 2014, alleging in her verified petition an April 9, 2014 separation date, and requesting custody of the parties' two minor children[1] ; (2) on November 11, 2015, a number of state court arrest warrants and a bond were issued for Angie related to charges of sexual exploitation of a minor after Angie was arrested on April 22, 2014, based on a complaint by Nathan ; (3) the parties' consent final decree of divorce was entered on June 29, 2016 ; (4) Angie was indicted on January 22, 2019, in a federal true bill for claims related to child pornography ; (5) a federal arrest warrant was issued for Angie on February 24, 2019, for charges of sexual exploitation of children ; and (6) in November 4, 2019, the state dismissed state charges against Angie, noting that the federal government had declined to prosecute the charges against her.[2]

---

[1] The children's dates of birth were listed as December 19, 1997, and March 18, 2004.

[2] The federal government had dismissed its charges against Angie on September 10, 2019.

Although Angie responded to the defendants' motion, neither Angie nor her attorney appeared at the June 15, 2022 hearing on the motion to dismiss.[3] A transcript of that hearing is not in the record on appeal. Thereafter, the trial court dismissed Angie's suit on the basis that her claims were either barred by the applicable statute of limitation or by interspousal tort immunity.

1. Angie argues that the trial court erred by dismissing her claim of malicious prosecution on the basis of interspousal tort immunity.[4] We agree.

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. The appellate court reviews de novo the trial court's ruling on the defendants' motion to dismiss, accepting as true all

---

[3] The record attorney for Angie at the time of the hearing was David Farnham, who voluntarily surrendered his license to practice law about one month prior to the hearing without having entered a notice of withdrawal in this case. See *In the Matter of Farnham*, 313 Ga. 801 (873 SE2d 164) (2022).

[4] The statute of limitation for malicious prosecution claim had not run prior to Angie filing her complaint. See *Daniel v. Ga. R. Bank & Trust Co.*, 255 Ga. 29 (334 SE2d 659) (1985) ("Plaintiff's malicious prosecution claim, unlike her other claims, could not accrue until the prosecution terminated in her favor.").

well-pled material allegations in the complaint and resolving any doubts in favor of the plaintiff.[5]

(a) First, in order to state a claim of malicious prosecution, Angie had to allege "(1) prosecution for a criminal offense instigated by [the] defendant[s]; (2) issuance of a valid warrant, accusation, indictment, or summons; (3) termination of the prosecution in favor of plaintiff; (4) malice; (5) want of probable cause; and (6) damage to plaintiff."[6] In her complaint, Angie pleaded allegations that, if proved, would amount to malicious prosecution by the defendants. It was not necessary for her to plead specifically all the mechanisms of the claim, nor was it necessary for her to provide evidence to support her claim at the pleading stage.[7]

---

[5] (Citations and punctuation omitted.) *Williams v. DeKalb County*, 308 Ga. 265, 270 (2) (840 SE2d 423) (2020), quoting *Greene County School Dist. v. Circle Y Constr.*, 291 Ga. 111, 112 (728 SE2d 184) (2012); *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997). See also OCGA § 9-11-12 (b) (6).

[6] *Cox v. Turner*, 268 Ga. App. 305, 305-306 (1) (601 SE2d 728) (2004). See also OCGA § 51-7-40.

[7] See *Williams*, 308 Ga. at 270 (2). Compare with *Cox*, 268 Ga. App. at 305-306 (1) (affirming the trial court's grant of judgment on the pleadings because the claim for malicious prosecution failed as a matter of law because no arrest warrant was issued and no prosecution occurred).

(b) Interspousal tort immunity is a common law rule that bars claims by one spouse against another for damage from a wrongful or negligent act committed by that spouse during the course of or prior to their marriage.[8] "There are two policy considerations that are traditionally advanced as the object of the interspousal immunity doctrine: (1) to foster marital harmony by preventing suits between spouses; and (2) to avoid fraudulent or collusive lawsuits [between spouses against other parties]."[9]

The Georgia Supreme Court has explained that the doctrine of interspousal tort immunity is not a bar to litigation when there is "no marital harmony" to protect and

---

[8] See OCGA § 19-3-8 ("Interspousal tort immunity, as it existed immediately prior to July 1, 1983, shall continue to exist on and after July 1, 1983."). See also *New v. Hubbard*, 206 Ga. App. 679, 680 (1) (426 SE2d 379) (1992) ("We recognize that the majority of jurisdictions have abrogated interspousal immunity."); Tobias, Carl, Article: Interspousal Tort Immunity in America, 23 Ga. L. Rev. 359, 478 (1989) (detailing the history of interspousal tort immunity but calling for its abolition because it is "one of the truly 'sick men' of American tort jurisprudence").

[9] *Jones v. Jones*, 259 Ga. 49, 49 (376 SE2d 674) (1989), citing *Robeson v. Intl. Indem. Co.*, 248 Ga. 306, 308 (3) (282 SE2d 896) (1981). In *Jones*, the Supreme Court of Georgia declared interspousal tort immunity to be a violation of equal protection when applied to wrongful death lawsuits in which cases it had been used historically to bar such claims against a decedent's spouse by survivors of the decedent. See 259 Ga. at 50.

no fear of collusion between the parties.[10] According to the allegations in the complaint, Angie and Nathan were already in the midst of separation and pending divorce, and the tort that Angie alleges Nathan and his family members committed was done intentionally as means to injure her during the divorce proceedings, and it has had lasting and irreparable negative effects on her life.[11] "[W]hen there is no

---

[10] *Harris v. Harris*, 252 Ga. 387, 388 (3) (313 SE2d 88) (1984).

[11] Compare these facts to the vast majority of cases in which Georgia courts have applied the doctrine of interspousal tort immunity, which almost uniformly involve situations in which one spouse sues another for injuries from an automobile accident in which one spouse was the driver and the other the passenger. See *Gates v. Gates*, 277 Ga. 175 (58 SE2d 32) (2003) (parties involved in a car accident prior to marriage and along with the petition for divorce one year later, the soon-to-be ex-spouse filed a negligence claim), overruled on other grounds by *Gilliam v. State*, 312 Ga. 60, 63-64 (860 SE2d 543) (2021); *Robeson*, 248 Ga. at 307 (1) (pre-marital claim for negligence related to a car accident barred because parties later married before the spouse filed the claim at issue); *Larkin v. Larkin*, 268 Ga. App. 127 (601 SE2d 487) (2004) (applying the interspousal immunity doctrine to a negligence case brought by the executor of one decedent spouse against estate of other decedent spouse); *New*, 206 Ga. App. at 679 (automobile accident which alleged no marital issues but defendant wished to sue for contribution from allegedly negligent spouse); *Shoemake v. Shoemake*, 200 Ga. App. 182 (407 SE2d 134) (1991) (allegations of negligence but no evidence of marital issues); *Stanfield v. Stanfield*, 187 Ga. App. 722 (371 SE2d 265) (1988) (parties were divorced after a car accident for which the ex-spouse later sued alleging that the couple had an acrimonious relationship prior to the accident); *Wallach v. Wallach*, 94 Ga. App. 576 (95 SE2d 750) (1956) (negligence claim related to car accident injuring one spouse was barred). But see *Harris*, 252 Ga. at 388 (2) (allowing claims in a car accident because of lengthy separation of spouses); *Fleming v. Fleming*, 246 Ga. App. 69, 70-71 (539 SE2d 563) (2000) (allowing property tort

marital harmony to preserve, and there exists no possibility of collusion between spouses, interspousal immunity does not automatically bar an action sounding in tort."[12] Based on the record at this point in the proceedings, the trial court erred by granting the motion to dismiss on the basis of interspousal tort immunity.[13] Accordingly, the trial court's order is vacated to the extent that it dismissed Angie's claims for malicious prosecution against Nathan as well as the dismissal of her derivative claims of punitive damages and attorney fees.[14]

2. With regard to Angie's claim for malicious prosecution against Galan and Francis, the trial court dismissed the claims because (1) Angie had only alleged that they conspired with Nathan to commit the tort, and (2) because of interspousal tort

claims against soon-to-be-ex-spouse); *Bearden v. Bearden*, 231 Ga. App. 182 (499 SE2d 359) (1998) (negligence claim from a car accident, but allowing claims because parties had been separated with no evidence of likely reconciliation); *Smith v. Rowell*, 176 Ga. App. 100 (335 SE2d 461) (1985) (holding that immunity did not automatically bar claims arising out of a murder of one spouse by the other who later committed suicide).

[12] (Citations and punctuation omitted.) *Fleming*, 246 Ga. App. at 70-71.

[13] See *Harris*, 252 Ga. at 388 (3). See also *Fleming*, 246 Ga. App. at 70-71; *Bearden*, 231 Ga. App. at 182.

[14] Cf. *Lewis v. Meredith Corp.*, 293 Ga. App. 747, 750 (5) (667 SE2d 716) (2008) (reiterating that punitive damages claim is a derivative claim that rises and falls with the underlying substantive claims).

8

immunity Angie had "no claim" against Nathan for malicious prosecution. But the complaint alleges actual acts by Galan and Francis, namely, giving false statements to police. One case cited by the trial court in its order, *Hartsock v. Riches Employees Credit Union*,[15] has no applicability here. In *Hartsock*, which assessed a conversion claim against a bank, a department store, and an individual related to neither, there was "no evidence [at the summary judgment stage that the defendants] acted in concert with each other or with any other person or entity to accomplish an unlawful end or a lawful end by unlawful means."[16] The second case relied upon by the trial court, *Wallach v. Wallach*,[17] did not address a claim against any person besides an ex-spouse, and in any event, it arose in a claim against the ex-spouse's employer based only on vicarious liability.[18] Here, Angie alleged that Francis and Galan committed acts that could form the basis of malicious prosecution, even if Nathan was the main actor. Accordingly, the trial court erred by dismissing Angie's claims of malicious

---

[15] 279 Ga. App. 724 (632 SE2d 476) (2006).

[16] Id. at 725 (2).

[17] 94 Ga. App. at 576.

[18] Id. at 577.

prosecution and derivative claims against Francis and Galan for these reasons and for the reasons stated in Division 1.

3. Angie has not appealed the trial court's dismissal of her claims of false imprisonment, false-light invasion of privacy, damage to reputation, and intentional infliction of emotional distress based on expiration of the applicable statutes of limitation.[19] Accordingly, we affirm the trial court's order of dismissal as to those claims.

*Judgment affirmed in part, vacated in part, and case remanded. Gobeil, J., and Senior Judge C. Andrew Fuller concur.*

---

[19] See OCGA § 9-3-33 ("actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues").